CELIA R. SIMMONS, RESPONDENT, *v.* EDWARD C. HAZARD AND ANOTHER, APPELLANTS.

*Affidavit for the examination of a party before trial — when the plaintiff must make it himself.*

The affidavit upon which an application is made for the examination of parties defendant before trial should be verified by the plaintiff, as the plaintiff is the only person who can state, as to his own knowledge or intention, in the material allegations thereof.

The affidavit, if verified by the attorney for the plaintiff without any sufficient reason being given therefor, will not justify the granting of an order for such examination.

It is not a sufficient reason that the plaintiff is not within the county in which his attorney resides.

APPEAL by the defendants, Edward C. Hazard and Lewis A. Osborn, from an order made and entered at the New York Special Term on the 10th day of April, 1890, denying the motion of said defendants to vacate an order for their examination as adverse par-

ties, and for the taking of their depositions pursuant to section 873 of the Code of Civil Procedure.

The affidavit, upon which the application for an order for the examination of the defendants was based, was made by one of the attorneys for the plaintiff in the action, who stated therein that "this affidavit is made by deponent for the reasons stated in the verification of the complaint herein." The ground stated in the verification of the complaint was as follows: "That the grounds of deponent's belief are the policies of insurance referred to in said complaint and receipts for money paid thereunder by the insured, all of which are in deponent's possession, the books of the said company and letters and communications received by him from the plaintiff. This affidavit is made by deponent for the reason that plaintiff in this action is not within the county where deponent resides."

*C. C. Leeds* and *Henry Bacon*, for the appellants.

*Morse & Haynes*, for the respondent.

VAN BRUNT, P. J.:

The order for the examination of the defendants Hazard and Osborn should have been vacated, if for no other reason, because the affidavit upon which it was granted was verified by the attorney for the plaintiff without any sufficient reason being given therefor. The reasons given for the verification by the attorney are stated to be those stated in the verification of the complaint, and we find nothing stated in the verification of the complaint as to the affidavit. If the attorney intended to state as a reason the one because of which he states that the complaint was verified by him, it was entirely insufficient. These affidavits should be made by the party, he or she being the only one who can asseverate as of his or her own knowledge or intention; material allegations.

There is nothing in the affidavit under consideration to show that the attorney had any peculiar knowledge as to any of the facts necessary to be established; and as to those as to which he swears he has no knowledge, it may well be that the plaintiff was fully informed.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the order for examination vacated, with leave to the plaintiff, upon payment of these costs and ten dollars

costs of the motion below, to apply upon additional papers for a new order.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the order for examination vacated, with leave to the plaintiff, upon payment of these costs and ten dollars costs of the motion below, to apply upon additional papers for a new order.