RICHARD L. SIMMONS, AS ADMINISTRATOR OF CELIA R. SIMMONS, DECEASED, FOR HIMSELF AND OTHERS WHO SHALL ELECT TO JOIN IN THE ACTION, RESPONDENT, *v.* EDWARD C. HAZARD AND ANOTHER, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Examination of a party before trial — based on an affidavit of an attorney not acquainted with the facts — proof as to the necessity for the examination and as to what each witness is expected to prove — residence of a party.*

Celia R. Simmons, pending an action brought by her against a receiver and certain persons whom she charged with fraud in the management of an insurance company in which she was interested as the holder of a death claim, died and her administrator was substituted as plaintiff therein. After issue joined the administrator, by his attorney, made an application to the court for an order authorizing him to examine two of the defendants, under section 873 of the Code of Civil Procedure, based upon an affidavit verified by the attorney, the plaintiff deposing that he was not acquainted with the facts which constituted the cause of action.

It did not appear from the affidavit that the attorney had any personal knowledge of the facts, and he referred in support thereof to the complaint, which was verified upon information and belief. Plaintiff's motion was granted, and a motion to vacate the order was denied.

Upon an appeal by the defendants from an order denying the motion to vacate the order authorizing the examination of the defendants it was

*Held,* that such an affidavit must be made by a person having personal knowledge of the material allegations of the complaint, or, if not, that the affiant must give the sources of his information and belief.

That, upon such an application, the moving party must show a necessity that the examination should be had before instead of at the trial, and the reasons why it was supposed that the adverse parties could not be procured as witnesses upon the trial.

That where it was sought to examine more than one defendant the papers should show what it was expected would be proved by each witness.

That as section 873 of the Code of Civil Procedure required a statement of the names and residences of all the parties to the action, it was not enough to state that the residence of a party was unknown to the deponent without something to show that unsuccessful inquiry had been made to ascertain it.

That orders to examine adverse parties were not to be granted as of course, but were to be allowed only upon compliance with the statutory regulations and in the exercise of a sound discretion.

APPEAL by the defendants, Edward C. Hazard and Lewis A. Osborn, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 30th day of June, 1892, denying their motion to vacate an order to examine them as adverse parties and directing them to appear for examination.

The order was asked for under section 873 of the Code of Civil Procedure.

It appeared by the plaintiff's affidavit that in June, 1887, Duane L. Simmons insured his life for the benefit of Celia R. Simmons, his wife, in the Co-operative Life and Accident Association of the United States, and by his death in December, 1888, that company became liable to pay, but did not pay, the loss to his wife.

The plaintiff thereupon brought an action in February, 1889, in the Supreme Court for herself and others who should elect to join in the action against William J. Lacy, into whose hands, as receiver, the corporation had passed on July 17, 1888, and other persons, charging such other persons with the commission of certain fraudulent acts, which are more particularly stated in the opinion. The original complaint was made upon information and belief, and was verified by one of the plaintiff's attorneys, the affidavit of verification stating that the plaintiff was not within the county where the deponent resided.

Celia R. Simmons, after issue joined, and on January 12, 1892, died, and Richard L. Simmons, who had been duly appointed her administrator, was, on March 28, 1892, substituted by order as plaintiff herein.

It was alleged in the moving papers that Hazard had been the president and Osborn the secretary of the corporation.

The affidavit of the plaintiff's attorney, which did not indicate personal knowledge of the facts, contained the following clauses:

" That this action is brought against the directors of the Co-operative

Life and Accident Association of the United States, and the receiver of such corporation is made a party. That such directors are sought to be charged to the extent of the claim of plaintiff, and of others who may join in the prosecution of this action, with the amount and value of the assets and moneys of such corporation misappropriated, or allowed to be misappropriated, by them, as will appear more at large from the complaint, which is hereby referred to and made part hereof.

"That the testimony of the above-named Edward C. Hazard and Lewis A. Osborn is material and necessary to enable plaintiff to show that the defendants have conducted said business in the manner set forth in the complaint, and without said testimony the plaintiff cannot safely proceed to the trial of this action."

The affidavit concluded with this statement: "This affidavit is made by deponent for the reason that the original plaintiff herein is deceased, and that the facts therein stated are within deponent's personal knowledge."

There was also an affidavit of the present plaintiff that he knew nothing of the facts except that the action was brought by Celia R. Simmons; that she died; that he had been appointed her administrator, and had been substituted as plaintiff.

*Charles C. Leeds*, for the appellants.

*Morse & Wensley*, for the respondent.

O'BRIEN, J.:

The plaintiff was substituted for Celia R. Simmons, who originally appeared in this action for herself and others, who might elect to join therein against the defendants (except the receiver), as directors and officers of the Co-operative Life and Accident Association of the United States, to recover damages on the ground of alleged fraud in the management of the affairs of that company, misapplication and misappropriation of its funds, and unlawful disposition of its property.

Certain objections to the sufficiency of the order for the examination of these defendants were presented to the court and are relied upon, which may be briefly referred to. It is insisted that the present affidavit is not in any material respect better or stronger

than the one already judicially declared insufficient, as pointed out in the opinion of the presiding justice upon the former appeal. (*Simmons* v. *Hazard*, 33 N. Y. St. Rep., 838.) He therein says that the order "should have been vacated, if for no other reason, because the affidavit upon which it was granted was verified by the attorney for the plaintiff without any sufficient reason being given therefor." The present affidavit is again verified by the attorney, but from it, it appears that the original plaintiff has since died, and that the present plaintiff is ignorant of the facts going to constitute the cause of action, and the present attorney swears that the facts are within his personal knowledge. If, however, we examine the affidavit, in view of this positive statement of the attorney, and its reference to the complaint, which is upon information and belief, it is subject to the criticism that the attorney's knowledge is derived from the statements contained in the complaint, and that the facts are known to the attorney to be stated in the complaint; but the attorney nowhere asserts that he has now or ever had any personal knowledge of the facts thus alleged.

As said in the opinion upon the former appeal:

"These affidavits should be made by the party, he or she, being the only one who can asseverate as to his or her own knowledge or information, material allegations. There is nothing in the affidavit under consideration to show that the attorney had any peculiar knowledge as to any of the facts necessary to be established."

We do not think, therefore, where an affidavit to support an order of this kind makes reference to a complaint which is made upon information and belief, that a statement by such attorney that he has knowledge of such allegations in the complaint is sufficient. What is required is that the person applying for the order should have personal knowledge of the facts upon which the right to such order depends, or, in the absence of such knowledge, where he moves upon statements made upon information and belief, the sources of the information should be given. Had the attorney here stated that he knew the facts of his own knowledge and the circumstances under which such personal knowledge was acquired, we think it would have been sufficient. But where, as here, such knowledge consists of the allegations of a complaint, made upon information and belief, it is clearly insufficient. It may be that the attorney intended to

asseverate his personal knowledge of the facts; but as this is not entirely clear the doubt arising from the attorney's formulation of the affidavit is not to be resolved in his favor.

Apart from this, however, there are other and more serious defects shown upon the papers. No reason is assigned showing the necessity or importance of the examination before rather than at the trial, or for supposing that the defendants could not be had as witnesses at the trial. The only attempt to comply with this requirement is the bare naked statement, which is clearly insufficient, " that plaintiff intends to use the deposition taken pursuant to the order sought herein upon the trial of this action."

Another defective statement is that the place of residence of the defendants, Mersereau and Osborn, is unknown. With respect to both of these it was shown that their names and residences appeared in the New York City Directory, that of the defendant Osborn having regularly and correctly appeared for more than thirty years past. The section (873) requires that the names and residences of all the parties to the action should be stated; and this cannot be held to have been complied with by a bare statement that they are unknown to the affiant, without some evidence being furnished that inquiry has been made to ascertain them, coupled with some fact showing that there is difficulty in learning them.

We think, too, that where, as here, more than one defendant is sought to be examined, what is expected to be proved by each witness should be stated. The affiant states " that it is material and necessary for plaintiff to prove the number of members of said insurance company at the time of the death of plaintiff's insured, also the sending out and collecting of an assessment for the purpose of paying plaintiff's claim, which assessment was sent out and collected, as deponent believes, from a card containing the same, which is in deponent's possession, all of which facts are within the knowledge of said Hazard and Osborn." Assuming such facts to be material and necessary, if either of these witnesses can furnish the testimony, then no reason exists for the examination of the other; and if only a part of such information rests with one, and another portion with the other of the witnesses named, then the information which is desired from each should be stated We think, however, there is grave doubt as to whether such evidence is at all material

and necessary, or as to whether or not it is within the issues framed by the pleadings.

The action itself is to recover damages resulting to plaintiff from the dishonest management of the corporation, and for the unlawful appropriation of some $46,000 to the use of certain of the defendants named, and the destruction of a valuable business worth $500,000. The relevancy and materiality to such a cause of action of testimony in regard to the number of policyholders, and as to whether or not there was issued a notice for the collection of an assessment, or an assessment collected for the purpose of paying plaintiff's claim, are not apparent. · It is true that great liberality is allowed with respect to the examination of parties where, by reason of their peculiar relations of trust or confidence to the plaintiff, the latter necessarily relied upon the good faith and honesty of such persons. In these cases, in the absence of personal knowledge, and upon a showing that the plaintiff has ground to suspect the good faith of persons holding to him either the relation of trustee or agent, an opportunity to examine such persons should be afforded. The principle of those cases, however, is easily distinguishable from the present. Here the plaintiff charges the defendants with the dishonest appropriation to their own use of moneys of a corporation in which his intestate was a policyholder. It is but fair that such charges should be made upon the personal knowledge of those in possession of the facts, or that such information and the sources thereof should be so stated as to furnish a reasonable ground for concluding that the charges thus made were, in good faith, honestly entertained, and that the information sought to be elicited was necessary and material, and such as should be furnished to the plaintiff now rather than compel him to await the trial of the action.

It should be remembered that these orders are not to be granted as of course, but are to be allowed upon compliance with the statutory requirements and in the exercise of a sound discretion. If we may disregard any, we may disregard all, of the statutory requirements, because it is not easy to determine, if any can be dispensed with, which ones are essential, It would have been proper for the legislature, had that been the policy, to have allowed examinations of parties and witnesses before trial as of course and without making

the same depend upon compliance with certain requirements of the Code. In what respect these have been violated we have again, as upon the former appeal, endeavored to point out. And, to the end that the plaintiff may have another opportunity of complying therewith, we have concluded that the order appealed from should be reversed, and that, upon payment of the costs and disbursements of this appeal, the plaintiff should be allowed to renew the application upon new papers.

VAN BRUNT, P. J., and LAWRENCE, J., concurred.

Order reversed, upon payment of the costs and disbursements of this appeal plaintiff be allowed to renew the application upon new papers.