TUCKER v. E. L. GOODSELL CO.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

ATTACHMENT—AFFIDAVIT—PROOF OF FACTS.
　　An affidavit which avers the facts as on affiant's own personal knowledge does not prove such of the averments as relate to transactions with which affiant was not apparently connected.

Appeal from special term, New York county.

Action by Robert A. Tucker, Jr., against the E. L. Goodsell Company, aided by attachment. From an order denying a motion to vacate the attachment on the papers on which it was granted, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Dallas Flannagan, for appellant.
Thaddeus D. Kenneson, for respondent.

PER CURIAM. The order appealed from must be reversed. The affidavits upon which the attachment was granted are insuf-

ficient. They simply contain verified allegations of fact, and no proof of the facts so alleged. The plaintiff, although but an assignee of the claim, deposes that all the facts so alleged are true "to his own knowledge." That is an astonishing statement, when we consider what the facts alleged really are. The complaint sets out that a firm doing business in London, England, under the name of Greenwood, Haro & Co., placed "certain" goods in the hands of the defendant corporation for sale by it in the city of New York, upon an agreement that such sale should be at public auction, and that the defendant should pay over the proceeds to such English firm, after deducting its reasonable commissions and charges; that the defendant sold the goods and received the proceeds, which amount, over and above its reasonable commissions and charges, to the sum of $790; and that the defendant neglects and refuses to pay over the latter sum to Greenwood, Haro & Co., or to the plaintiff as their assignee. It is doubtful whether certain of these allegations would be sufficient as proof, even if verified by Greenwood, Haro & Co. Some, at least, are but bald assertions. There is no averment— much less, evidence—of what the goods consisted of, or what they sold for, or what the defendant's reasonable charges and commissions were; nothing whatever which would enable the court to ascertain the proper balance. But the affiant here is apparently a total stranger to the transactions between Greenwood, Haro & Co. and the defendant. Yet he tells us that the net indebtedness of the defendant to his assignees is precisely $790, and he ventures to assert that fact, in addition to all the preceding facts, of "his own knowledge." He thus strikes the balance in his own mind from undisclosed evidence, and asks the court to accept that balance, as thus—so to speak—adjudicated by him, without question or further inquiry. Now, if this affiant has not confused information with knowledge; if in truth he actually has, not what he, but what the law, calls knowledge of that which he asserts,—he could easily have furnished the proof upon which his so-called knowledge rests. He should certainly have been required to do so. If ever a plaintiff, affiant, should be held to proof of facts, rather than to mere verified averment of facts, it is here. The court cannot overlook the almost incredible character of the affiant's statement. We may not deny its efficacy as a properly verified averment. But we should attribute to it no value whatever as proof. "Proof by affidavit," as Justice James well said, speaking for the general term in Town of Duanesburgh v. Jenkins, 40 Barb. 584, "can only be made by a statement and verification of such facts as are requisite to establish the principal fact sought to be maintained." Or, as Presiding Justice Van Brunt put it in Bank v. Loucheim (Sup.) 8 N. Y. Supp. 520: "The office of an affidavit is to set forth the evidence, from which the court may draw conclusions of fact, differing in this respect radically from a complaint, which should only set forth conclusions of fact, and not the evidence of the correctness of these conclusions."

We distinctly held in Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, that the averment of facts, as upon personal knowl-

edge, by an assignee who was an apparent stranger to the transaction between the original parties, was not sufficient to entitle the plaintiff to an attachment, without proof of the facts as averred. That rule applies with equal force whether such an assignee makes his averments positively, as upon personal knowledge,—though without direct affirmation thereof,—or whether he makes them positively with direct affirmation of such knowledge. In either case—whether the affirmation of what he calls "knowledge" be express or implied —the assignee affiant must furnish evidence in support of such of his averments as relate to transactions with which he was not apparently connected. Some allegations of fact, as pointed out in the Hoormann Case, may of themselves amount to quite satisfactory proof; for example, the plaintiff's allegation here that the claim was assigned to him. His verified statement upon that head sufficed, without the production of the instrument, if the assignment was in writing, or without narrating what took place between himself and his assignors, if the assignment was by parol. So, too, would the verified statement of a member of the firm of Greenwood, Haro & Co. that that firm had made a contract with the defendant for the sale of their goods. But even their statement, though upon affirmation of knowledge, that the proceeds of the sale, over and above the defendant's reasonable commissions and charges, amounted to some particular sum, would hardly suffice, without proof. Such a statement might be barely sufficient to confer jurisdiction, and to uphold the attachment as against a junior attaching creditor (Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167), but it would scarcely stand the test upon an application to vacate made by the defendant in the action. The court has repeatedly held that, to entitle a plaintiff to this severe and summary remedy, he must show the proper facts by affidavit; that is, he must furnish satisfactory proof of such facts. Where the affiant, owing to his relation to the parties and to the cause of action, plainly speaks as an actor in the transaction, the court frequently treats his verified averments of facts which may naturally have come within his actual observation or personal action as satisfactory proof thereof, as in Ladenburg v. Bank, 5 App. Div. 220, 39 N. Y. Supp. 119. Where, however, he does not speak as such a direct actor,—where in fact he speaks apparently as a stranger to the transaction,—it matters not how positively he so speaks, how firmly he asserts his personal knowledge of the facts averred. He must still furnish the evidence of such facts. Under such circumstances his verified allegation "shows" nothing "by affidavit." He simply pleads the facts. He pleads them positively, it is true, and upon personal knowledge. But he does not prove them. And a person standing as he does in relation to the cause of action must prove them.

The order should be reversed, and the attachment vacated.