## LEHMAIER et al. v. BUCHNER.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

ATTACHMENT—INSUFFICIENCY OF AFFIDAVIT.

An affidavit is insufficient to justify an attachment on the ground that defendant had assigned and disposed of his property with intent to defraud his creditors, where it alleges facts, but does not give the sources of affiant's knowledge, his opportunity of ascertaining defendant's intention, the condition of the property and its value, or defendant's indebtedness.

Appeal from special term, New York county.

Action by Martin H. Lehmaier and others against David Buchner. From an order denying a motion to vacate an attachment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.

Samuel Untermyer, for respondents.

INGRAHAM, J. The attachment was granted upon the ground that the defendant, a resident of this state, has assigned and disposed of his property with the intent to defraud his creditors, the affidavit to prove such fraudulent assignment and disposition of his property being made by one of the plaintiffs, Albert Sichel. In his affidavit he makes certain statements as to the acts of the defendant, as to the organization of a company by the defendant, as to the intention of the defendant in organizing the company, and as to the acts of the defendant in making transfers to the company. There is no intimation in this affidavit as to the sources of the affiant's knowledge as to his opportunity of ascertaining the intention of the defendant, the condition of his property or its value, nor as to the amount of his indebtedness. There is hardly an allegation in the affidavit which is a distinct statement of a fact, all of the statements being conclusions or expressions of opinion, or statements of the intentions of the defendant, with nothing to show upon what such conclusions are based, or how the affiant ascertained the defendant's intentions. It is impossible for us to conceive how this plaintiff should have had personal knowledge as to the assets and liabilities of the defendant. It might be that the defendant had made a statement to him as to the amount of his assets or liabilities. It might be that he had seen a stock of goods in the defendant's store which he would estimate as of the value stated, or that in some other way he had been told or had ascertained facts upon which his conclusions are based; but we are entirely in the dark as to how he arrives at the conclusions stated, and how his statement of such assets and liabilities, without any statement of the method by which he obtained this knowledge, can be said to be competent evidence of the fact that the defendant had in his possession at any time the assets, or that he owed the amount, stated. So it is not stated how the affiant knew that the defendant caused a corporation to be incorporated.

It is not stated that this affiant ever saw the certificate of incorporation, nor is the said certificate annexed to the affidavit. The affiant also states that two of the incorporators had no actual pecuniary interest in the pretended incorporation, merely allowed the use of their names for the accommodation of the defendant, and the accomplishment of his unlawful purpose to defraud his creditors. How the affiant could know of this fact, it is a little difficult to conceive. He states no fact of which he has personal knowledge which would lead him to this conclusion, but boldly states a conclusion without stating anything to justify it. His affidavit then states that the defendant caused all of his property and effects to be transferred to the said corporation. How he knows this is not stated. In fact, there is nothing stated to justify the granting of this warrant based upon the personal knowledge of the defendant; nothing but his conclusions, surmises, and suspicions, without stating any fact upon which he bases them, or upon which the court can determine whether or not they are justified. A creditor may have knowledge of statements made by his debtor as to his assets and liabilities. He may have knowledge of statements made by the debtor's representatives or employés. He may have knowledge of his debtor's credit in the business in which he is engaged. He may have some knowledge of the amount of stock a debtor is carrying; but there is certainly no presumption that every creditor has personal knowledge of the amount of the assets or liabilities of a debtor. On the contrary, it would seem that no third party not an employé, or having some confidential relation to a business firm, could possibly have knowledge of the exact amount of the firm's liabilities or its assets; and when such a person comes into a court of justice to obtain relief which is based upon the extent of a debtor's assets and liabilities, something more is required than that he should merely swear to the amount of such assets and liabilities, or swear to the debtor's intentions in the doing of certain acts, without showing how his knowledge is acquired, or upon what he bases his conclusions.

We think that this affidavit was entirely insufficient to justify an attachment, and that the order should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.