(21 App. Div. 477.)

### WALLACE v. BARING et al.

(Supreme Court, Appellate Division, First Department. October 15, 1897.)

ATTACHMENT—AFFIDAVIT—KNOWLEDGE OF AFFIANT.

Plaintiff alleged that false representations as to the financial condition of a railroad company were made by the directors thereof to influence the market value of the stock, and that, relying thereon, she purchased stock in the company. At the time the statements were made she was a stranger to the corporation and its affairs. In her affidavit for attachment of defendant's property she alleged that the latter was a director of the company, and took an active part in promulgating the statements complained of, and knew them to be false. *Held* that, as plaintiff's relation to the corporation was not such as to import a personal knowledge by her of the matters alleged in her affidavit, the latter was insufficient as proof of such matters on motion to vacate.

Appeal from special term, New York county.

Action by Matilda Wallace against Thomas Baring and others. From an order vacating a warrant of attachment, plaintiff appeals. Affirmed.

The following is the opinion of BEEKMAN, J.:

The plaintiff purchased 1,500 shares of the capital stock of the Atchison, Topeka & Santa Fé Railroad Company, relying, as she claims, upon certain statements with respect to the financial condition of the company, made by the directors, or authorized to be made and published by them. These statements she alleges to have been false, and that they were known by the directors to be false at the time they were so made, authorized, and published, and were promulgated by them for the purpose of influencing the market value of the stock of the company, and to induce persons to purchase the same. The defendant Baring is sued as one of the directors who took part in the acts complained of. As he resides in London, Eng., and it was impossible to make personal service of the summons upon him, an order of publication was obtained, and an attachment against his property procured, on the ground of his nonresidence. He has not appeared generally in the action, but on a special appearance for the purposes of the motion only, now moves to vacate the attachment on the papers on which it was granted. The plaintiff, in her affidavit, has alleged that the defendant Baring was one of the directors of the road, and that he took an active part in promulgating the statements complained of, and that he knew such statements to be false. Although these charges are apparently made by the affiant upon knowledge, there is nothing in the nature of the case, or in her relation to the company and the directors at the time the acts charged are alleged to have been committed, which would justify the inference that she had any personal knowledge upon the subject. She was then an entire stranger to the corporation and its affairs, and acquired an interest therein only after the occurrence of the acts in question. It has been repeatedly held that, where the nature of the case is not such as to import a personal knowledge by the affiant of the matters set forth in his affidavit upon which an attachment is sought, he must, if he assumes to speak of his own knowledge, show how it was that such knowledge was acquired. Among the most recent cases on this subject are Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460. In the latter case the court said (page 91, 14 App. Div., and page 462, 43 N. Y. Supp. 460): "The court has repeatedly held that, to entitle a plaintiff to this severe and summary remedy, he must show the proper facts by affidavit; that is, he must furnish satisfactory proof of such facts. Where the affiant, owing to his relation to the parties and to the cause of action, plainly speaks as an actor in the transaction, the court frequently treats his verified averments of facts, which may naturally have come within his actual observation or personal action, as satisfactory proof thereof, as in Ladenburg v. Bank, 5 App. Div. 220, 39 N. Y. Supp. 119. Where, however, he does not speak as such a direct actor,—where, in fact, he speaks apparently as a stranger to the transaction,—it matters not how positively he so speaks, how firmly he asserts his personal knowledge of the facts averred, he must still furnish the evidence of such facts. Under such circumstances, his verified allegation 'shows' nothing 'by affidavit.' He simply pleads the facts. He pleads them positively, it is true, and upon personal knowledge, but he does not prove them, and a person standing as he does in relation to the cause of action must prove them." The plaintiff in this action seems to have come entirely within the rule thus laid down. As I have already said, there is absolutely nothing to show that she stood in such relation towards the company and the directors, or towards the acts complained of at the time they were alleged to have taken place, as to import that she had any personal knowledge whatsoever with respect to the matters charged against the defendant. On the contrary, so far as the papers disclose, she knew nothing whatsoever regarding these matters until after the alleged false statements had been published. It is essential to her cause of action that she should make proper proof of the facts that the defendant was a director of the company; that he took part in making the statements complained of; and that he knew, or had reason to believe, that such statements were untrue. Wakeman v. Dalley, 51 N. Y. 27; Arthur v. Griswold, 55 N. Y. 400. In order to support an attachment, these matters must be proven, not merely alleged, as in the complaint; and, as the plaintiff has failed to do so in conformity with the rules established by the decisions in such cases as this, I am constrained to find that the proofs

were not sufficient to sustain the attachment; and the motion to vacate the same is, therefore, granted, with $10 costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. J. Dittenhoefer and David Gerber, for appellant.
Charles W. Pierson, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of BEEKMAN, J.