(23 Misc. Rep. 431.)

### DOYLE v. KIMBALL.

(Supreme Court, Special Term, Onondaga County.　April, 1898.)

1. EXAMINATION OF DEFENDANT BEFORE COMPLAINT—AFFIDAVIT.
   Necessity of examination of defendant to enable the framing of complaint should be guarantied by affidavit of plaintiff, rather than that of his attorney, in absence of a sufficient explanation.
2. SAME—STOCKHOLDERS.
   Papers on which is founded order for preliminary examination of defendant in action to enforce stockholder's liability for debt of corporation should show his stock was issued and outstanding when the liability was incurred, his liability being limited by Stock Corporation Law, § 54, to such stock.
3. STOCKHOLDER'S LIABILITY.
   Liability does not extend to a claim against a corporation for negligence, under Stock Corporation Law, § 54, declaring that "stockholders of every stock corporation shall * * * be personally liable to its creditors" till the amount of stock issued and outstanding "at the time such debt was incurred" shall be fully paid; and section 55, declaring that no stockholder shall be personally liable for "any debt * * * not payable within two years from the time it was contracted," nor unless "action for its collection shall be brought * * * within two years after the debt becomes due."

Action by Henry Doyle, as administrator, against William R. Kimball. Defendant moves to vacate an order requiring him to submit to examination before trial, and to produce certain books. Granted.

Charles E. Spencer, for the motion.
Thomas Hogan, opposed.

HISCOCK, J.　The object of the examination under said order was, as claimed, to secure information to enable plaintiff to frame his complaint. The nature of the action as outlined by the affidavit upon which the order was granted is to hold defendant liable as a stockholder in the Syracuse Street-Railroad Company, under sections 54, 55, Stock Corporation Law, for a claim against said company. Said claim is now represented by a judgment recovered against said company, upon which an execution has been issued and returned unsatisfied; and, although it does not appear by the affidavit, it was agreed upon the argument that said claim was for damages resulting from the negligence of the railroad company. The specific ground of the alleged liability of defendant is that while he was an officer and stockholder of said company a large amount of stock was issued by it to him and other persons, which was not paid for either in cash or property.

There are several reasons why the order in question should be set aside:

1. It requires the defendant to produce a large number of books, which do not appear to be in his possession or under his control.

2. The best authority is that the affidavit upon which the order was granted should have been made by the plaintiff, rather than the attorney, as was done, in the absence of some sufficient explanation. This rule is not entirely technical that, where one party is seeking the preliminary examination of another upon the ground that certain information is necessary to and not possessed by him, that he should guaranty such necessity by his own affidavit. It might very often happen that the attorney could perfectly well make the required affidavit when the party could not. Simmons v. Hazard, 58 Hun, 119, 11 N. Y. Supp. 511.

3. It is well settled that to secure a preliminary examination such as is here sought, it must be apparent from the papers upon which the order is founded that the plaintiff has a cause of action against the defendant. Under section 54, a stockholder is only liable for a debt until the amount of the capital stock of the corporation issued and outstanding at the time such debt was incurred shall have been fully paid. There is nothing to show that the issue of stock complained of by plaintiff, and upon which he seeks to predicate the liability of defendant, was outstanding at the time plaintiff's claim was incurred, whether such date is to be regarded as the time when the negligent act was committed or as the time when the claim was put in judgment. So far as appears, this issue of stock may not have taken place until after both events. There is absolutely nothing to show when it occurred. This fact and element, therefore, essential to plaintiff's recovery, does not appear to exist.

In addition to the foregoing grounds, and independent of the alleged general insufficiency of the affidavit, a grave question exists whether plaintiff can hold defendant liable upon a claim against the corporation, in which he was a stockholder, for negligence. There is no lack of authorities, both in the courts of this state and elsewhere, holding that a trustee would not be personally liable under the provisions of the statutes for failure to file an annual report, upon such a liability. It is urged, however, that such provisions of the statutes making a trustee personally liable upon a failure to file a report are penal, and strictly to be construed, and that in this respect they are different from the provisions making a stockholder personally liable where stock has been issued, and not paid in; that these latter provisions should be construed more liberally in favor of the creditor. There is some force in this argument, but, of course, the liability of the stockholder is dependent upon the statute, and the question is whether the reasonable construction of the language used permits a conclusion such as is urged by plaintiff. The language of section 54 is, "The stockholders of every stock corporation shall * * * be personally liable to its creditors," etc. The term "creditor" is broad enough to amply sustain the claim made. Further on, its meaning is somewhat narrowed by the use of the words "at the time said debt was incurred," and under section 55, relating to the same subject, we find the language: "No stockholder shall be personally liable for any debt of the corporation not pay-

able within two years from the time it was contracted, nor unless an action for its collection shall be brought  *  *  * within two years after the debt becomes due." Laws 1892, c. 688. The natural import of all of this language, taken together, would seem to be that the claims contemplated were ordinary debts voluntarily contracted by the corporation, and becoming due at some given time, rather than an involuntary obligation imposed upon the corporation by some negligent or tortious act. This construction is sustained in the case of an attempt to make a stockholder personally liable for a negligent act of the corporation under a former statute of which the wording is substantially similar upon the point in question to the one now in force. Heacock v. Sherman, 14 Wend. 59. This case thus far has not been overruled, and the same rule maintained by it is laid down by various text writers. 1 Cook, Stock, Stockh. & Corp. Law (3d Ed.) § 217.

The order is vacated, with $10 costs.