## MARTIN v. ALUMINUM COMPOUND PLATE CO.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

1. ATTACHMENT—AFFIDAVIT—PERSONAL KNOWLEDGE.
    In a complaint in attachment all the facts were stated on information and belief, though, in the affidavit this qualification was omitted. No circumstances were disclosed in the affidavit from which the inference of knowledge could be drawn. Held insufficient to sustain attachment.
2. SAME—DEFECT—MATTER OF SUBSTANCE.
    The defect in the affidavit was matter of substance, and Gen. Rules Prac. 37, requiring the notice of motion to vacate to specify the defect, did not apply.

Appeal from special term, New York county.

Action by Myra B. Martin against the Aluminum Compound Plate Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Philo P. Safford, for appellant.

Fred. C. Hanford, for respondent.

BARRETT, J. This case is directly within the rule laid down in Einstein v. Cycle Co., 13 App. Div. 624, 42 N. Y. Supp. 1124, and Hoormann v. Same, 9 App. Div. 579, 41 N. Y. Supp. 710. As in these cases, the plaintiff here is an assignee of the claim sued upon. That claim is for legal services rendered to the defendant by a firm of attorneys. How this lady, Myra B. Martin, came to know anything about the performance of these services, is not disclosed. The papers upon which the attachment here was granted present an extreme illustration of the justice of the rule laid down in the cases cited. In her complaint the plaintiff states all the averred facts expressly upon information and belief. She then omits the latter qualification in her affidavit. It is apparent that what she thus states in form upon knowledge is in reality stated upon the same information and belief to which she referred in her complaint. If,

however, in verifying the two documents at the same time, she advisedly verified one upon knowledge and the other upon information and belief, we have an additional reason for strictly applying the wholesome rule of the cases cited, namely, that the mere averment of facts as upon personal knowledge is not sufficient unless the circumstances are such that it can fairly be inferred that the affiant had personal knowledge of the facts so positively stated. No circumstances are disclosed in the affidavit or papers here from which such an inference can be drawn.

The only other point presented by the respondent is that the defect in the affidavit to which we have referred was not specified in the appellant's notice of motion. There is no merit in this objection. The defect was not an irregularity, but matter of substance. It went to the sufficiency of the affidavit, and related to the merits. Rule 37 of the general rules of practice was, therefore, inapplicable. Andrews v. Schofield, 27 App. Div. 93, 50 N. Y. Supp. 132.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.