### JAMES v. SIGNELL.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

Code Civ. Proc. §§ 635, 636, providing for a warrant of attachment against the property of defendant in certain actions, declare that plaintiff shall not be entitled to such warrant unless he shows by affidavit that one of the causes of action specified exists against the defendant. *Held* that, where an affidavit for an attachment does not set out the facts on which plaintiff's claim for damages for the death of her intestate is based, the order granting the writ must be vacated.

2. SAME—NONRESIDENCE—AVERMENT—PERSONAL KNOWLEDGE.

Where an affidavit for a warrant of attachment because of defendant's nonresidence was made on the personal knowledge of plaintiff, without alleging that plaintiff knew defendant or had ever had any dealings with him, or other facts showing plaintiff's knowledge, the order granting the writ must be vacated.

**3. SAME—ACTION FOR INJURIES.**

    Code Civ. Proc. § 635, provides that a warrant of attachment may be granted in actions to recover damages for an injury to person or property in consequence of negligence, fraud, or other wrongful act; and section 3343, subd. 10, defines an injury to property as one whereby the estate of another is lessened, other than by a personal injury or the breach of a contract. *Held*, that plaintiff in an action for the death of her intestate through defendant's negligence was not entitled to a warrant to attach defendant's property.

    Appeal from special term, New York county.

    Action by Mary James, as administratrix of the estate of Charles F. James, against John V. Signell. From an order denying a motion to vacate an attachment, defendant appeals. Reversed.

    Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

    Nathan Ottinger, for appellant.

    Philip Carpenter, for respondent.

    McLAUGHLIN, J. On the 12th of September, 1900, the plaintiff's intestate, an employé of the defendant, sustained injuries from which he died five days later, by the falling of a hoisting apparatus in a building in the process of construction. This action was brought to recover $30,000, on the ground that his death was due to the negligence of the defendant. Subsequent to the commencement of the action the plaintiff, on the ground that the defendant was a nonresident, applied for, ex parte, and obtained, a warrant of attachment, which the defendant moved to vacate. His motion was denied, and he has appealed.

    The most casual consideration of the papers upon which the warrant of attachment was granted shows that the warrant ought not to have been issued in the first instance, and that the motion to vacate should have been granted. To entitle a plaintiff to a warrant of attachment, he must show by affidavit that one of the causes of action specified in section 635 of the Code exists. Section 636, Code Civ. Proc. The affidavits upon which the warrant here was issued do not show such fact. Indeed, it does not appear from these affidavits that the plaintiff has a cause of action against the defendant, or that she has sustained any damage by reason of the death of her intestate,—certainly not more than nominal damages. Whether the plaintiff has sustained merely nominal or real damages depends upon the facts upon or by reason of which her intestate lost his life. A cause of action may be completely set forth where only nominal damages can be recovered; and for that reason, in an affidavit upon which to base an application for an attachment, where the damages are unliquidated, it is necessary to set out the facts which the plaintiff claims prove the damage, in order that the court may determine whether any damage has been sustained. Haskell v. Osborn, 33 App. Div. 128, 53 N. Y. Supp. 361; Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794.

    The allegation as to nonresidence of the defendant is equally unsatisfactory. While the averment in this respect is upon personal knowledge, not a single fact or circumstance is stated from which

the court can see or even infer that the plaintiff has any knowledge whatever with reference to the defendant's residence. Indeed, it does not appear that she ever saw the defendant, or had any dealings with him whatsoever. In Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, this court held that "the mere averment of facts as upon personal knowledge is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers." And it also reasserted the rule in Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460; Lehmaier v. Buchner, 14 App. Div. 263, 43 N. Y. Supp. 438; Wallace v. Bahring, 21 App. Div. 477, 48 N. Y. Supp. 692; Martin v. Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010.

Finally, the alleged cause of action is not one in which an attachment can be granted. A warrant of attachment can be granted where the action is to recover a sum of money only, as damages (1) for the breach of a contract, express or implied, other than a contract to marry; (2) wrongful conversion of personal property; or (3) an injury to person or property in consequence of negligence, fraud, or other wrongful act. Section 635, Code Civ. Proc. It is sought to sustain the warrant of attachment on the ground that the action is brought to recover damages for an injury to the property of the plaintiff. But, if this be conceded, it does not follow that the plaintiff is entitled to a warrant of attachment. Section 635 of the Code, giving the right to an attachment in the cases specified, must be read and construed with section 3343, by which it appears that in an action of this kind an attachment cannot be obtained. Subdivision 10 of the latter section defines an injury to property as an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.