GEORGE A. TREADWELL, Respondent, *v.* WILLIAM C. GREENE, Appellant. (No. 2.)

*Affidavit on a motion for the examination of a witness before trial — when it is properly made by the attorney instead of the party.*

An affidavit used on a motion for the examination of a witness before trial, made by the attorney for the moving party, instead of by the moving party himself, answers the requirements of section 872 of the Code of Civil Procedure, where it appears that at the time when the affidavit and motion were made, the moving party was in the Republic of Mexico; that the attorney had actual knowledge of the facts which he positively averred, and stated the sources of his information and the grounds of his belief as to those facts which he averred upon information and belief.

APPEAL by the defendant, William C. Greene, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1903, granting the plaintiff's motion to vacate an order previously made for the examination before trial of one James Shirley as a witness on behalf of the defendant.

*M. E. Harby*, for the appellant.

*Charles M. Demond*, for the respondent.

HATCH, J.:

The moving affidavit in this case complies with every rule required by section 872 of the Code of Civil Procedure to authorize the examination of a witness before trial. The learned court below vacated the order for the examination of the witness upon the

ground that the affidavit was made by the attorney instead of by the party, and that the weight of authority required the affidavit to be made by the party whenever practicable. This, undoubtedly, is the general rule to be observed. It is not without its exceptions, however. The Code provision does not require as an absolute rule that the affidavit shall be made by the party. What it requires is that certain proofs shall be made, and when this proof is given of the facts required to be shown, by a person having knowledge of such facts, the party becomes entitled to an order of examination. Upon the present application the affidavit is made by the attorney for the defendant; but therein it is made to appear that he had actual knowledge of the facts of which he made positive averment, and as to those facts given upon information and belief he states the sources of his information and the grounds of his belief. He also shows that the defendant was at the time when the affidavit and application were made in the Republic of Mexico. This affidavit and proof, therefore, answered the requirements of the Code provision. It has always been recognized that such an affidavit complies with the rule. (*James* v. *Signell*, 60 App. Div. 75; *Simmons* v. *Hazard*, 58 Hun, 119; *Hale* v. *Rogers*, 22 id. 19.) *Wolff* v. *Kaufman* (65 App. Div. 29) and *Orne* v. *Greene* (74 id. 404) present nothing in conflict with this view. The discussion in each of those cases under well-settled rules is limited to the papers then before the court and their proper construction. In the first case the statement was that the party "is not now within the city, county and State of New York where deponent resides." This was all the proof upon that subject. We held it insufficient for the reason that a mere temporary absence of the party in the State of New Jersey would furnish the basis for the statement, and we might have gone further and said that the party might have gone temporarily out of the jurisdiction for the purpose of enabling the attorney to make the affidavit. In the other case there was the same defect, and, in addition thereto, while the averment of the attorney was positive as to other facts required to be shown, yet it affirmatively appeared that he could not have had positive knowledge of some of the facts to which he testified. It is evident, therefore, that those cases have no application as applied to the present papers. The order was properly granted and upon sufficient

proof.    These views lead to the conclusion that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.