### TREADWELL v. GREENE.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. WITNESSES—EXAMINATION BEFORE TRIAL—AFFIDAVITS BY ATTORNEY.
Where an application to examine a witness before trial was based on affidavits made by defendant's attorney, who had actual knowledge of the facts of which he made positive averment, and the sources of his information and the grounds of his belief as to facts alleged on information and belief were set forth, and it appeared that defendant at the time of the application was in a foreign country, the application was not objectionable because the affidavits were not made by the defendant.

Appeal from Special Term, New York County.

Action by George A. Treadwell against William C. Greene. From an order granting a motion to vacate an ex parte order directing the examination of James Shirley as a witness on behalf of defendant before trial, defendant appeals. Reversed.

See 84 N. Y. Supp. 354.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

M. E. Harby, for appellant.

Charles M. Demond, for respondent.

HATCH, J. The moving affidavit in this case complies with every rule required by section 872 of the Code of Civil Procedure to authorize the examination of a witness before trial. The learned court below vacated the order for the examination of the witness upon the ground that the affidavit was made by the attorney instead of by the party, and that the weight of authority required the affidavit to be made by the party whenever practicable. This undoubtedly is the

general rule to be observed. It is not without its exceptions, however. The Code provision does not require, as an absolute rule, that the affidavit shall be made by the party. What it requires is that certain proofs shall be made, and, when this proof is given of the facts required to be' shown by a person having knowledge of such facts, the party becomes entitled to an order of examination. Upon the present application the affidavit is made by the attorney for the defendant, but therein it is made to appear that he had actual knowledge of the facts of which he made positive averment, and as to those facts given upon information and belief he states the sources of his information and the grounds of his belief. He also shows that the defendant was, at the time when the affidavit and application were made, in the republic of Mexico. This affidavit and proof, therefore, answered the requirements of the Code provision. It has always been recognized that such an affidavit complies with the rule. James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680; Simmons v. Hazard, 58 Hun, 119, 11 N. Y. Supp. 511; Hale v. Rogers, 22 Hun, 19; Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500; and Orne v. Greene, 74 App. Div. 404, 77 N. Y. Supp. 475—present nothing in conflict with this view. The discussion in each of those cases, under a well-settled rule, is limited to the papers then before the court, and their proper construction. In the first case the statement was that the party "is not now within the city, county, and state of New York, where deponent resides." This was all the proof upon that subject. We held it insufficient, for the reason that a mere temporary absence of the party in the state of New Jersey would furnish the basis for the statement; and we might have gone farther, and said that the party might have gone temporarily out of the jurisdiction for the purpose of enabling the attorney to make the affidavit. In the other case there was the same defect, and in addition thereto, while the averment of the attorney was positive as to other facts required to be shown, yet it affirmatively appeared that he could not have had positive knowledge of some of the facts to which he testified. It is evident, therefore, that these cases have no application as applied to the present papers. The order was properly granted, and upon sufficient proof.

These views lead to the conclusion that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.