## K - Detailing, Inc. v N & C Ironworks, Inc.

2024 NY Slip Op 33588(U)

October 4, 2024

Supreme Court, New York County

Docket Number: Index No. 155985/2017

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY**

PRESENT: __HON. FRANCIS A. KAHN, III__          PART          32

                                            *Justice*

-----------------------------------------------------------------X          INDEX NO.          155985/2017

K - DETAILING, INC.,                                    MOTION DATE          _____

                              Plaintiff,          MOTION SEQ. NO. _____004_____

              - v -

N & C IRONWORKS, INC.,H & H BUILDERS, INC.,9TH
AVENUE DELAWARE OWNER LLC,NICK SORRENTINO,          **DECISION + ORDER ON
KENNETH HART, JOHN AND JANE DOES 1-10 AND          MOTION**
OTHERS SIMILARLY SITUATED

                              Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123

were read on this motion to/for          __SUMMARY JUDGMENT(AFTER JOINDER__ .

Upon the foregoing documents, the motion is determined as follows:

Plaintiff, K-Detailing, Inc., was a sub-subcontractor retained by Defendant N&C Ironworks, Inc. ("N&C"), to perform certain construction activities at a project located at 9-19 Ninth Avenue, New York, New York pursuant to a written agreement dated March 3, 2015. At that time, the premises was owned by Defendant 9th Avenue Delaware Owner LLC ("Owner") which retained Defendant H&H Builders, Inc. ("H&H") as general contractor on the project. H&H contracted with N&C to be a structural steel sub-contractor on the project. Defendants Nick Sorrentino ("Sorrentino") and Kenneth Hart ("Hart") are alleged to be the principals and/or officers of N&C and H&H, respectively. Plaintiff claims that it was only paid a portion of the sum required under the contract and, as a result, it filed a mechanic's liens against the property totaling, $62,755.00. Defendant N&C also filed a mechanic's lien for the alleged unpaid sum of $758,000.00. Bonds were issued by non-parties Harco Consultants Corp ("Harco") and Westchester Fire Insurance Company ("Westcheaster") to discharge the liens of Plaintiff and N&C.

Plaintiff commenced the within action and pled seven causes of action as follows (1) breach of contract against N&C; (2) foreclosure of the subject lien; (3) an account stated against N&C; (4) quantum meruit; (5) trust fund violations against Defendants Sorrentino and Hart; (6) piercing the corporate veil; and (7) damages resulting from the piercing of the corporate veil. Defendants N&C and Sorrentino answered and pled twenty-two affirmative defenses, as well as six crossclaims and a counterclaim.

In lieu of answering, Defendants H&H, Owner and Hart filed two motions. The first sought dismissal of first, second, third, fourth and seventh causes of action pled by Plaintiff pursuant to CPLR

155985/2017   K - DETAILING, INC. vs. N & C IRONWORKS, INC.          Page 1 of 4
Motion No. 004

[* 1]

§3211[a][1] and [7]. Plaintiff opposed the motion. Pursuant to an order of Justice Arlene Bluth, dated March 26, 2018, Plaintiff's fourth and seventh causes of action were dismissed as against H&H, Owner and Hart. During oral argument of the motion, Plaintiff withdrew the causes of action related to piercing the corporate veil against Hart. The second motion sought, *inter alia*, dismissal of certain crossclaims. N&C and Sorrentino opposed the motion. By order dated March 22, 2018, Justice Bluth dismissed the sixth crossclaim concerning piercing the corporate veil with leave to replead. Thereafter, H&H, Owner and Hart answered Plaintiff's complaint and pled fifteen affirmative defenses. These Defendants also filed a reply to the crossclaims and pled twenty affirmative defenses, as well as six crossclaims. N&C and Sorrentino replied to those crossclaims.

Now, Defendants H&H, Owner and Hart move for eleven different forms of relief which are, verbatim, as follows:

[F]or an Order for partial summary judgment pursuant to CPLR 3212: (a) vacating and discharging the lien filed by plaintiff K Detailing, Inc. ("K Detailing") against the Project Premises in the amount of $62,755 on June 21, 2016 (the "K Detailing Lien"); (b) vacating and discharging the lien filed by defendant N&C Ironworks, Inc. ("N&C") against the Project Premises in the amount of $758,000 on July 26, 2016 (the "N&C Lien"); (c) cancelling the Bond filed by Defendants on August 2, 2016 with respect to the K Detailing Lien (the "K Detailing Bond"); (d) cancelling the Bond filed by Defendants on September 8, 2016 with respect to the N&C Lien (the "N&C Bond"); (e) directing the New York County Clerk to cancel the K Detailing Bond and the N&C Bond to effectuate the cancellation of the K Detailing Bond and the N&C Bond, record the vacatur of the K Detailing Lien and N&C Lien and the cancellation of the K Detailing Bond and N&C Bond on the lien docket, and provide Defendants or its counsel with a certified copy of the documentation effectuating the vacatur of the K Detailing Lien and N&C Lien and the cancellation of the K Detailing Bond; (f) granting summary judgment dismissing with prejudice the second cause of action for foreclosure of the K Detailing Lien set forth in K Detailing's Complaint [NYSCEF Doc. No. 1]; (g) granting summary judgment dismissing with prejudice the remaining causes of action set forth in K. Detailing's Complaint against Defendants; (h) granting summary judgment dismissing with prejudice the seventh cross-claim for foreclosure of the N&C Lien set forth in N&C's Answer with Cross Claims [NYSCEF Doc. No. 4]; (i) granting summary judgment dismissing with prejudice N&C's remaining cross-claims against Defendants set forth in N&C's Answer with Cross Claims [NYSCEF Doc. No. 4]; (j) granting Defendants summary judgment on their first cause of action for willful exaggeration pursuant to Lien Law §39 and their second cause of action for willful exaggeration pursuant to pursuant to Lien Law § 39-a as to liability only against N&C as set forth in its Answer and Counterclaims [NYSCEF Doc. No. 47]; and (k) granting such other and further relief as to which this Court deems just and proper.

Defendant N&C and Sorrentino oppose the motion. Plaintiff also opposes the motion and cross-moves pursuant to CPLR §3025 for leave to serve and file an amended complaint. Defendants H&H, Owner and Hart oppose the cross-motion.

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect*

*Hospital*, 68 NY2d 320, 324 [1986]). Failure to make such a showing requires the denial of the motion, regardless of the sufficiency of the papers in opposition (*see Alvarez v Prospect Hospital*, 68 NY2d at 324). Once a *prima facie* demonstration has been made, the burden shifts to the opposing party to establish the existence of a triable material issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Mazurek v Metropolitan Museum of Art*, 27 AD3d 227, 228 [1st Dept 2006]).

Regarding Plaintiff's lien, pursuant to Lien Law §3, "[a] contractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved". The Lien Law is intended to protect those who directly expend labor and services for the improvement of real property (*West-Fair Elec. Contractors v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 157 [1995]).

A contractor is not required to be in contractual privity with the property owner to file and enforce its mechanic's lien (*see Ferrara v Peaches Café LLC*, 32 NY3d 348, 353 [2018]; *Matell Contr. Co., Inc. v Fleetwood Park Dev., LLC*, 111 AD3d 681, 684 [2d Dept 2013]). However, a subcontractor's lien is limited by principles of subrogation, and it attaches only to money owed to the general contractor by the owner at the time the lien is filed (*see C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp.*, 168 AD3d 664 [2nd Dept 2019]; *Timothy Coffey Nursery/Landscape, Inc. v Gatz*, 304 AD2d 652 [2nd Dept 2003]). Thus, "if the general contractor is not owed any amount under its contract with the owner at the time the subcontractor's notice of lien is filed, then the subcontractor may not recover" (*NGU, Inc. v City of New York*, 189 AD3d 850, 852 [2d Dept 2020]; *see also Blake Elec. Contracting Co. v Paschall*, 222 AD2d 264, 267 [1st Dept 1995]). "The purpose of this provision is 'to limit the liability of the owner in the aggregate to the amount which he had contracted to pay'" (*Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co.*, 112 AD3d 171, 176 [2d Dept 2013], *citing Heckmann v Pinkney*, 81 NY 211, 216 [1880]).

Here, it is undisputed that N&C, a subcontractor, retained Plaintiff, not Owners nor H&H. Thus, upon a *prima facie* showing that neither Owner nor N&C were owned any money, Plaintiff's lien would fail (*see generally Kamco Supply Corp. v. Nastasi & Assoc., Inc.*, 216 AD3d 458 [1st Dept 2023]). In support of the motion, H&H, Owner and Hart, offered the affidavit of Jimmy Chehebar ("Chehebar"), their alleged general counsel in connection with the construction project. Pursuant to CPLR §3212[b], an affidavit supporting a motion for summary judgment must "by nature and definition, contain information from a person with direct knowledge of the subject matter discussed within the four corners of the document" (Mark C. Dillon, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21). "Personal knowledge is not presumed from a mere positive averment of the facts. A court should be shown how the deponent knew or could have known such facts and if there is no evidence from which the inference of personal knowledge can be drawn than it is presumed that such does not exist" (*Bova v Vinciguerra*, 139 AD2d 797, 798 [3d Dept 1988][internal citations omitted]). In other words, an assertion of facts from which the affiant's personal knowledge may be inferred is an essential and ancient principle (*see Castro v N.Y. Univ.*, 5 AD3d 135, 136 [1st Dept 2004]; *see also Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1072 [3d Dept 2009]; *Martin v Aluminum Compound Plate Co.*, 44 AD 412, 413 [1st Dept 1899]["the mere averment of facts as upon personal knowledge is not sufficient, unless the circumstances are such that it can fairly be inferred that the affiant had personal knowledge of the facts so positively stated"]; *Wallace v Baring*, 21 AD 477 [1st Dept 1897]; *Hoormann v Climax Cycle Co.*, 9 AD 579 [1st Dept 1896]).

155985/2017   K - DETAILING, INC. vs. N & C IRONWORKS, INC.
Motion No. 004

Page 3 of 4

[* 3]

In application of these principles, one with a relation to the parties (eg. an employee), to the cause of action or an eyewitness to events, related to the action or otherwise, often constitutes, in and of itself, satisfactory proof of an affiant's knowledge (*see eg Wallace v Baring*, supra at 478; *see also Klein v Trout Lake Preserve Homeowners' Assn.*, 179 AD2d 967, 968 [3d Dept 1992]). Conversely, an affiant, even an agent of a party or an employee thereof, who fails to demonstrate personal knowledge is incompetent to proffer an affidavit in support of a motion for accelerated judgment (*see eg Barraillier v City of New York*, 12 AD3d 168 [1st Dept 2004]; *Israelson v Rubin*, 20 AD2d 668 [2d Dept 1964]). Here, Chehebar failed to attest he had personal knowledge of the transactions, as opposed to learning the facts from a review of documents, nor did he describe his relationship to the Movant's in any detail from which personal knowledge might be inferred. Moreover, the affiant "failed to lay a proper foundation for the business records attached thereto" (*Malayan Banking Berhad v. Park Place Dev. Primary LLC*, 226 AD3d 434, 435 [1st Dept 2024]; *Bank of N.Y. Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]; *Bank of Am., N.A. v Brannon*, 156 AD3d 1 [1st Dept 2017]).

The defects in Chehebar's affidavit similarly doom the branches of the motion against Defendant N&C. Further, these branches are premature as N&C has not been afforded "a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Village of Freeport*, 143 AD2d 792 [2d Dept 1988]; *see also Global Mins. & Metals Corp. v Holme*, 35 AD3d 93 [1st Dept 2006]). What Movant overlooks is that the validity of a waiver allegedly executed by Sorrentino, the linchpin of its motion, has been challenged by Plaintiff and Defendant N&C. That their claims may ultimately not withstand scrutiny does not obviate their entitlement to disclosure from Movants (*see English v. Ski Windham Operating Corp.*, 263 AD2d 443 [2d Dept 1999] *Overseas Reliance Tours & Travel Service, Inc. v. Sarne Co.*, 17 AD2d 578 [1st Dept 1963]). Indeed, the Court notes that its order directing disclosure was not followed and Defendants H&H, Owner and Hart filed their motion before a scheduled discovery status conference herein.

Plaintiff's cross-motion to amend to add Harco and Westchester as party defendants is denied without prejudice. Plaintiff failed to demonstrate that a notice of claim was filed in the office of the clerk of the county where such bond is filed prior to making this motion (Lien Law §37[5], [6] and [7]).

Accordingly, it is

ORDERED that the motion and cross-motion are denied in their entirety, and it is

ORDERED that all parties are to appear <u>in-person</u> for a status conference with the court on **November 19, 2024 @ 10:00 am** in Courtroom 1127[b] of the Courthouse located at 111 Centre Street.

| 10/4/2024 | | FRANCIS A. KAHN, III, A.J.S.C. |
|---|---|---|
| DATE | | HON. FRANCIS A. KAHN III J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

155985/2017  K - DETAILING, INC. vs. N & C IRONWORKS, INC.
Motion No. 004

Page 4 of 4

4 of 4