(33 Misc. Rep. 62.)

### LINDHEIM v. SITT et al.

(Supreme Court, Special Term, New York County. November, 1900.)

1. FOREIGN CORPORATION—RIGHT TO TRANSACT BUSINESS—FAILURE TO PROCURE CERTIFICATE—SUIT BY ASSIGNEE.
Laws 1892, c. 687, § 15, declaring that no foreign corporation shall maintain an action in the state on any contract made by it in the state without having first procured from the secretary of state a certificate authorizing it to do business, does not preclude the assignee of a demand accruing to a foreign corporation, which had failed to secure the certificate required, from maintaining an action on the claim.

2. SAME—ASSIGNMENT OF DEMAND.
     The assignee was not precluded from maintaining an action on the claim on the ground that the assignment was invalid as an act of business within the state, it not appearing from the pleadings where the assignment was made.

Action by Herman Lindheim against Ezra Sitt and others. Demurrer to special defense sustained.

Jay C. Guggenheimer, for plaintiff.
Isaac Phillips, for defendants.

BISCHOFF, J. As modified by stipulation, the issue of law is whether an action may be maintained by the assignee of a demand accruing to a foreign corporation, where the latter, for a failure to procure the certificate required by law (Laws 1892, c. 687, § 15), could not itself sue upon the claim. It has been held that this provision of the statute does not affect the cause of action as such, but applies only to the remedy (Neuchatel Asphalte Co. v. City of New York, 155 N. Y. 373, 49 N. E. 1043); and the familiar principle whereby an assignee's rights are measured by the rights of his assignor does not operate to bind the assignee by a restriction to the remedies open to the assignor (McBride v. Bank, 26 N. Y. 450; Petersen v. Bank, 32 N. Y. 21; Bank v. Townley, 159 N. Y. 490, 54 N. E. 74). In the case last cited the question arose as to the validity of an assignment of a claim for salary held by the assignor against a corporation of which he was an officer, which claim, under the provisions of the statute enacted for the protection of creditors of a corporation, he could not personally enforce at the time. The court held that the disability of the assignor did not reach the remedy of the assignee, and, upon the reasoning employed, this authority is quite pertinent to the question now presented. In that case, as in this, the assignment might serve merely to defeat a possible purpose of the statute, yet the fact that the transfer was absolute in form, and made to a person whose capacity to sue was not limited by statute, was there held controlling.

Except as modified by the law relating to the filing of a certificate, above noted, the validity of a claim in the hands of a foreign corporation, for the purposes of an action in this state, is recognized by the Code (section 1779), and, in principle, the authorities oppose the view that the limitation upon the right to maintain an action affects the remedy of a person to whom the claim of the corporation, otherwise valid, has been sold.

There is no force in the suggestion that the act of making the transfer to his plaintiff was unlawful as "business" done by the corporation, since the "business" prohibited by the statute is that done within the state, and the place where this assignment was made is not disclosed by the pleadings. The special term decision in Mueller v. Rope Co. (Sup.) 53 N. Y. Supp. 255, proceeded solely upon the expression of the principle that the assignee had no better case than his assignor; but, as I have pointed out, this proposition does not cover the point involved here, it having been established by authority that the remedy, not the right, is all that this statute affects. The demurrer to the separate defense is sustained, with costs.

Demurrer to separate defense sustained, with costs.