Mary James, as Administratrix, etc., of Charles F. James, Deceased, Respondent, *v.* John V. Signell, Appellant.

*Attachment — not proper in an action to recover for the death of the plaintiff's intestate — statement as to the plaintiff's damage — facts to sustain an averment of non-residence.*

A warrant of attachment cannot be granted in an action to recover damages resulting from the death of the plaintiff's intestate, on the ground that it is an action to recover damages for injury to property within the meaning of section 635, when construed in connection with section 3343, of the Code of Civil Procedure.

Upon an application for an attachment, in an action in which the damages are unliquidated, the moving papers must set out the facts which the plaintiff claims establish damage, in order that the court may determine whether any damage has been sustained.

On such an application an averment of the defendant's non-residence, made upon the plaintiff's personal knowledge, is not sufficient where no facts or circumstances are stated from which the court can see or infer that the plaintiff has any knowledge on the subject.

Appeal by the defendant, John V. Signell, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of March, 1901, denying the defendant's motion to vacate a warrant of attachment.

*Nathan Ottinger,* for the appellant.

*Philip Carpenter,* for the respondent.

McLaughlin, J.:

On the 12th of September, 1900, the plaintiff's intestate, an employee of the defendant, sustained injuries from which he died five days later, by the falling of a hoisting apparatus in a building in the process of construction. This action was brought to recover $30,000 on the ground that his death was due to the negligence of the defendant. Subsequent to the commencement of the action the plaintiff, on the ground that the defendant was a non-resident, applied for *ex parte* and obtained a warrant of attachment, which the defendant moved to vacate. His motion was denied and he has appealed.

The most casual consideration of the papers upon which the warrant of attachment was granted shows that the warrant ought not to have been issued in the first instance, and that the motion to vacate should have been granted. To entitle a plaintiff to a warrant of attachment he must show by affidavit that one of the causes of action specified in section 635 of the Code exists. (Code Civ. Proc. § 636.) The affidavits upon which the warrant here was issued do not show such fact. Indeed, it does not appear from these affidavits that the plaintiff has a cause of action against the defendant, or that she has sustained any damage by reason of the death of her intestate; certainly not more than nominal damages. Whether the plaintiff has sustained merely nominal or real damages depends upon the facts upon or by reason of which her intestate lost his life. A cause of action may be completely set forth where only nominal damages can be recovered; and for that reason, in an affidavit upon which to base an application for an attachment where the damages are unliquidated, it is necessary to set out the facts which the plaintiff claims prove the damage, in order that the court may determine whether any damage has been sustained. (*Haskell* v. *Osborn,* 33 App. Div. 128; *Thorington* v. *Merrick,* 101 N. Y. 5.)

The allegation as to non-residence of the defendant is equally unsatisfactory. While the averment in this respect is upon personal knowledge, not a single fact or circumstance is stated from which the court can see or even infer that the plaintiff has any knowledge whatever with reference to the defendant's residence. Indeed, it does not appear that she ever saw the defendant or had any dealings with him whatsoever. In *Hoormann* v. *Climax Cycle Co.* (9 App. Div. 579) this court held that "the mere averment of facts as upon personal knowledge is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers." And it also reasserted the rule in *Tucker* v. *Goodsell Co.* (14 App. Div. 89); *Lehmaier* v. *Buchner* (Id. 263); *Wallace* v. *Baring* (21 id. 477); *Martin* v. *Aluminum Plate Co.* (44 id. 412).

Finally, the alleged cause of action is not one in which an attachment can be granted. A warrant of attachment can be granted where the action is to recover a sum of money only as damages (1) for the breach of a contract, express or implied, other than a contract to

marry, (2) for the wrongful conversion of personal property, or (3) for an injury to person or property in consequence of negligence, fraud or other wrongful act. (Code Civ. Proc. § 635.) It is sought to sustain the warrant of attachment on the ground that the action is brought to recover damages for an injury to the property of the plaintiff. But, if this be conceded, it does not follow that the plaintiff is entitled to a warrant of attachment. Section 635 of the Code, giving the right to an attachment in the cases specified, must be read and construed with section 3343, by which it appears that in an action of this kind an attachment cannot be obtained. Subdivision 10 of the latter section defines an "injury to property" as an actionable act whereby the estate of another is lessened, *other than a personal injury,* or the breach of a contract.

It follows, therefore, that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.