(76 App. Div. 69.)

## HAYDEN et al. v. MULLINS.

(Supreme Court, Appellate Division, First Department.   November 14, 1902.)

1. ATTACHMENT—AFFIDAVIT—AVERMENT OF NONRESIDENCE—SUFFICIENCY.

   An affidavit for attachment recited that "defendant * * * was a resident of B., in the state of Montana, and was a nonresident of the state of New York." It was made by a principal in the transaction out of which the cause of action arose, and it was shown that he had been in personal communication with defendant. *Held* to sufficiently show that the averment was made on the personal knowledge of the affiant.

Appeal from special term, New York county.

Action by Charles Hayden and another against Patrick Mullins. From an order vacating their warrant of attachment, plaintiffs appeal. Reversed.

The affidavit for attachment recited that "defendant * * * was a resident of Butte, in the state of Montana, and was a nonresident of the state of New York," etc.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Hector M. Hitchings, for appellants.
M. E. Harby, for respondent.

HATCH, J. The warrant of attachment was procured to be issued September 28, 1901. The defendant took no steps therein until August 11, 1902, when he moved to vacate the same for irregularity in the papers upon which the attachment was granted. The claimed irregularity consists in the insufficiency of the affidavit upon which the attachment was based; the substantial ground being, and the one now relied upon to sustain the order vacating the attachment, that no facts or circumstances are stated from which the court could infer that the affiant had personal knowledge of the nonresidence of the defendant. The statement contained in the affidavit is of positive knowledge of the residence of the defendant. The transaction out of which arises the claimed cause of action was personal to the parties thereto; there was no intervention of third parties, and the affiant is not the representative of a corporation, nor was he an agent in the transaction, except as he is a member of the firm prosecuting the action. The affiant, therefore, stands in the relation of an acting principal in the transaction, out of which the cause of action arose. Under such circumstances, the correct rule of interpretation seems to be "that statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been on information and belief, and unless it appears affirmatively and by fair inference that they could not have been and were not on such knowledge." Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324; Ladenburg v. Bank, 5 App. Div. 219, 39 N. Y. Supp. 119; Lacker v. Dreher, 38 App. Div. 75, 55 N. Y. Supp. 979.

In the affidavit which is now attached it appears that the affiant

¶ 1. See Attachment, vol. 5, Cent. Dig. §§ 254, 255.

was not only a principal in the transaction, but he was in communication with the defendant, had received instructions for the purchase of stock on account of the defendant, and upon breach of contract by him had communicated a notice of the sale of such stock to him. It is fair to infer, therefore, that the plaintiff derived his knowledge of the defendant's residence by means of these communications or otherwise; and this, coupled with the positive statement of the affiant, as of personal knowledge, is sufficient to support the affidavit within the rule of the foregoing cases. There is a class of cases, of which Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, is a pertinent illustration, where it has been held that the mere averment of facts on personal knowledge in an affidavit made to procure an attachment is not sufficient unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers; but in this case, as well as those in that class of cases, there was the intervention of an assignee of the claim sought to be enforced, or the person stood in the relation of an agent or attorney, or was the representative of a corporation, or acted in some other form in a representative capacity, and not as a principal in the original transaction. Under such circumstances, it must be made to appear that the affiant is possessed of some information from which it may be fairly inferred that he has knowledge upon the subject of his positive averment. The distinction is well stated in E. & H. T. Anthony & Co. v. Fox, 53 App. Div. 200–203, 65 N. Y. Supp. 806. It is evident, therefore, that Hoormann v. Cycle Co., supra, and that class of cases, are not controlling of the affidavit now under consideration.

The case of Andrews v. Schofield, 27 App. Div. 90, 50 N. Y. Supp. 132, and James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680, relied upon by the court at special term, have no application to the case at bar. In the first of these cases the affidavit was held insufficient for the reason that the statement as to residence and the amount of the claim was based purely upon hearsay statements, and was insufficient as tending to establish a cause of action. In the second case the affidavit was made by a representative; no facts were stated from which the court could see or infer that the affiant had personal knowledge of such facts; in addition thereto, no cause of action was stated in the moving papers; and, finally, the cause of action attempted to be stated was one which did not authorize the issuance of an attachment.

It follows that the order vacating the attachment should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.