## COLE v. SMITH.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. ATTACHMENT—MOTION TO VACATE—AFFIDAVIT—SUFFICIENCY.

Where the affidavit on which an order to show cause was obtained on motion to vacate an attachment fails to state the present condition of the action—whether at issue, and, if not tried, the time appointed for holding the next term where the action is triable—an objection for noncompliance with Gen. Prac. Rule 37 in such regard must be sustained, though plaintiff, in his answering affidavit, showed the condition of the action.

2. SAME—AFFIDAVIT—AVERMENT OF NONRESIDENCE.

An affidavit for an attachment, showing that plaintiff personally conducted negotiations with defendant, and stating positively that defendant was a nonresident of New York, and was residing in New Jersey, sufficiently shows the defendant's nonresidence, and plaintiff's personal knowledge thereof.

Appeal from Special Term, New York County.

Action by William D. Cole against William B. Smith. From an order granting a motion by defendant to vacate a warrant of attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Bernard J. Isecke, for appellant.
Paul Armitage, for respondent.

LAUGHLIN, J. The defendant's motion to vacate the warrant of attachment was brought on on an order to show cause. The affidavit on which the order to show cause was obtained failed to state the present condition of the action—whether at issue, and, if not yet tried, the time appointed for holding the next term where the action is triable. Counsel for the plaintiff, upon the return of the order, and before the hearing, made a preliminary objection that the moving papers did not comply with rule 37 of the general rules of practice in this regard. His preliminary objection was overruled, and the motion was granted, upon the ground that the papers upon which the warrant of attachment was issued were insufficient.

The general rules of practice are made to be observed. The order, to show cause was improperly granted in violation of rule 37, and, the objection having been timely taken, it should have been sustained, and the motion denied. Had the rule been complied with, it would have appeared that the action had been tried, a verdict rendered in favor of the plaintiff, and a motion for a new trial denied, and a stay of the entry of judgment granted. Perhaps, if these facts had been brought to the attention of the judge who granted the order, he would not have deemed it a proper case for dispensing with full notice. By the short notice the plaintiff may have been deprived of a substantial right, in not being afforded adequate time and opportunity to meet the motion, which, having been made upon additional papers, he was at liberty to meet with affidavits tending to sustain the attachment, if his original papers were insufficient. The general rules of practice are binding upon the Trial and Special Terms, and compliance therewith must be required, where the objection is seasonably and properly taken. It is no answer to this objection that the plaintiff, in his answering affidavits, showed the condition of the action. He was obliged to prepare to meet the motion on the merits as best he could in the time allowed.

It follows that the order must be reversed, but it may be observed that, even on the merits, the motion was improperly granted. The alleged defect in the attachment papers upon which the respondent relies is that the nonresidence of the defendant was shown only by the affidavit of the plaintiff, and that it does not appear that he had personal knowledge of the fact. The action is brought to recover $5,000 paid to the defendant by the plaintiff for capital stock of the Graphite Metal Company, a New Jersey corporation. It is alleged that the defendant falsely and fraudulently represented that the stock had been issued in his name, that he was the owner thereof, and that, after obtaining the consideration for the sale thereof, he failed and neglected to perform the contract. The plaintiff's affidavit shows that he personally conducted negotiations for the sale of the stock with the defendant, and states positively not only that the defendant is a nonresi-

dent of this state, but that he resides at Plainfield, in the state of New Jersey. These facts bring the case within the doctrine of Hayden v. Mullins, 76 App. Div. 69, 78 N. Y. Supp. 553, where it was held that a similar affidavit sufficiently showed the nonresidence of the defendant.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur; VAN BRUNT, P. J., in result.

---

(40 Misc. Rep. 546.)

### McMAHON v. HOWE.

#### (Saratoga County Court. April, 1903.)

1. SUMMARY PROCEEDINGS—NOTICE TO TENANT.

Under Code Civ. Proc. § 2231, subd. 2, requiring a notice in summary proceedings to be in the alternative, for payment of rent or possession of the premises, a notice served, merely stating that the relation of landlord and tenant has ceased, and requiring the tenant to remove, is insufficient.

2. SAME—RIGHT TO MAINTAIN.

A provision in a lease reserving to the landlord the right to re-enter on default entitles him to maintain ejectment, but not to bring summary proceedings.

3. JUSTICE OF THE PEACE—JURISDICTION.

A justice of the peace has no jurisdiction of an action of ejectment.

Appeal from Justice Court.

Action by Bernard McMahon against Mary Howe. Judgment for plaintiff, and defendant appeals. Reversed.

Frederick B. Phillips, for appellant.
Ostrander & Salisbury, for respondent.

ROCKWOOD, J. A written lease was entered into by the parties hereto on or about March 30, 1901, by which the respondent leased to the appellant certain premises, known as the "St. Nicholas Building," together with two barns, in the village of Schuylerville, N. Y., for the term of one year, to commence on the 1st day of April, 1901, and to end on the 31st day of March, 1902, at an annual rent therein specified. The lease contained the following covenant:

"And the party of the second part further covenants that if default be made in the payment of said rent or any part thereof at the times above specified, or if default be made in the performance of any of the covenants or agreements herein contained, the said hiring and the relation of landlord and tenant, at the option of the said party of the first part, shall wholly cease and determine and the said party of the first part shall and may re-enter said premises and remove all persons therefrom, and the said party of the second part hereby waives the service of any notice in writing of intention to re-enter, as provided by law or statute."

On December 3, 1901, the respondent landlord caused to be served upon the appellant tenant a notice in writing reciting the terms of the lease; that $100 of rent had accrued and remained unpaid; and notice was thereupon given "that the relation of land-