### AUSTRIAN BENTWOOD FURNITURE CO. v. WRIGHT.

(Supreme Court, Appellate Term. May 5, 1904.)

1. ATTACHMENT—ALLEGATIONS—DAMAGES.

Where, in an action for injury to plaintiff's furniture, caused by an overflow of water alleged to have been due to defendant's negligence, the complaint alleged that plaintiff had suffered damages in a specified sum, and the papers on which an attachment was based merely alleged the amount of damages, but neither the value of the furniture before or after the overflow was given, and the manner in which the amount of damages was arrived at did not appear, the insufficient allegation of damages precluded the maintenance of the attachment.

2. ATTACHMENT—MOTION TO VACATE—RULES OF PRACTICE.

Where the motion papers of a party moving to vacate an attachment do not comply with General Practice Rule 37, providing that on a motion to show cause why an attachment should not be vacated the moving party shall, in his affidavit, state the present condition of the action, and whether at issue, and, if not yet tried, the time appointed for holding the next term where the action is triable, the motion must be denied.

3. APPEAL—REVIEW.

An objection that the motion papers of a party moving for the vacation of an attachment do not comply with General Practice Rule 37 cannot be raised for the first time on appeal.

Appeal from City Court of New York, Special Term.

Action by the Austrian Bentwood Furniture Company against Charlotte E. Wright. From an order denying a motion to vacate a warrant of attachment, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

L. & U. A. Zinke, for appellant.

Austin & McLanahan, for respondent.

LEVENTRITT, J.   Appeal from an order denying a motion to vacate warrant of attachment.   The ground of the attachment is the nonresidence of the defendant, and the cause of action is injury to plaintiff's furniture, occasioned by an overflow of water ascribed to defendant's negligence.   The attachment is attacked for the insufficiency of the allegations respecting the defendant's nonresidence and the extent of the damage sustained.   The former is amply supported.   Even if the two affidavits which are based on information and belief be rejected, notwithstanding that the sources of the information and the grounds of belief are set forth in reliable detail, the third affidavit, made on positive knowledge, would alone satisfy all requirements.

A more serious question arises with reference to the amount of damage which the plaintiff claims to have suffered.   Upon this subject there is nothing in the complaint except the allegations that the overflow caused "the said furniture to be damaged, spoiled, and made unfit for use or sale by the plaintiff company," and "through the negligence of the defendant, as above set forth, the plaintiff company has suffered damage in the sum of six hundred dollars."   The only other reference in the papers on attachment to the cause of action and extent of damage appears in the affidavit of the plaintiff's secretary, and is couched in this language: "That the said water flowed in such quantities, and for such a length of time, on the furniture of the plaintiff, as to make a large quantity of said furniture unfit for use and sale, and to seriously injure and damage the same; and that by reason of said negligence of the defendant the plaintiff company has been damaged in the sum of six hundred dollars."   There is no indication anywhere how that damage is computed or arrived at.   Neither the value of the furniture before nor after the overflow is given.   The court is in no wise apprised of the method by which the plaintiff fixed the amount claimed, and, for aught that appears, it is an arbitrary sum.   If the damages are merely nominal, attachment will not lie; if substantial, they are ascertainable, and should be set forth by affidavit to satisfy the court within the requirements of the Code.   "Where the damages are unliquidated, it is necessary to set out the facts which the plaintiff claims prove the damage, in order that the court may determine whether any damage has been sustained."   James v. Signell, 60 App. Div. 75, 76, 69 N. Y. Supp. 680.   The insufficient allegation of damage is fatal to the maintenance of the attachment.

There is no merit to the plaintiff's point that, even if the defendant's contention be well founded, she cannot prevail, as her motion papers are insufficient by reason of the omission therefrom of allegations required by rule 37 of the general rules of practice.   The presentation of that objection upon the hearing of the motion would have called for its denial (Cole v. Smith, 84 App. Div. 500, 82 N. Y. Supp. 982); but the record does not disclose that the objection was then taken, and, as it

cannot be successfully raised for the first time on appeal, it can receive no consideration.

Order reversed, with costs and disbursements of appeal, and attachment vacated, with $10 costs. All concur.