(45 Misc. Rep. 1.)

### BOX BOARD & LINING CO. v. VINCENNES PAPER CO.

(Supreme Court, Special Term, New York County. August, 1904.)

1. FOREIGN CORPORATIONS—ACTIONS BY—WHEN MAINTAINABLE.
    General Corporation Law, § 15 (Laws 1892, p. 1805, c. 687), prohibiting a foreign corporation from maintaining an action in the courts of the state where it has failed to procure from the Secretary of State the certificate provided for in that section, does not apply to contracts made without the state.

2. ATTACHMENT—FOREIGN CORPORATION—APPLICATION.
    An application for an attachment in an action on a contract by an assignee of a foreign corporation did not show that the contract was made within the state. Held, that an averment that the certificate required by General Corporation Law, § 15 (Laws 1892, p. 1805, c. 687), was obtained, was unnecessary to support the attachment.

3. SAME.
    Laws 1896, p. 856, c. 908, being Tax Law, § 181, requiring foreign corporations to pay a license, tax, does not prohibit the maintenance of an action by the assignee of a foreign corporation, so that application for attachment by such assignee need not allege such compliance.

4. SAME—AFFIDAVIT.
    An affidavit by an officer of a corporation that he was familiar with the transactions in suit, and of every averment of his affidavit, including the fact that defendant was incorporated under the laws of Indiana, is a sufficient showing that defendant is a foreign corporation, in an application for an attachment.

Action by the Box Board & Lining Company against the Vincennes Paper Company. Motion to vacate an attachment. Denied.

Hornblower, Byrne, Miller & Potter (Charles A. Boston, of counsel), for plaintiff.

Simpson, Thacher, Barnum & Bartlett (Graham Sumner, of counsel), for defendant.

BISCHOFF, J. The plaintiff, a domestic corporation, sues upon an assigned claim on contract accruing to the assignor, a foreign corporation, against the defendant, also a foreign corporation, and a warrant of attachment procured by the plaintiff is assailed for insufficiency of the papers. It is claimed that there is a fatal omis-

sion in the allegations, because of the failure to set forth compliance by the plaintiff's assignor with the provisions of section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), and with section 181 of the tax law (Laws 1896, p. 856, c. 908); the former relating to the procuring of a certificate from the Secretary of State, and the latter to the payment of a license fee in the case of foreign corporations. Under the authorities, these papers are not defective in either instance. The inhibition of the maintenance of an action by a foreign corporation or its assignee, where no certificate has been procured (General Corporation Law, § 15), is directed only against actions on contracts made within the state; and it has been distinctly held that, where the papers do not disclose the fact that the contract was made within the state, it is not necessary to aver compliance with the statutory condition in the matter of the certificate, for the purposes of an attachment. Lukens Iron & Steel Co. v. Payne, 13 App. Div. 11, 43 N. Y. Supp. 376; Parmele Co. v. Haas, 171 N. Y. 579, 64 N. E. 440. Section 181 of the tax law does not prohibit the maintenance of an action by the assignee of a foreign corporation, and accordingly the question of compliance with the statute upon the part of the assignor is not material to this plaintiff's right to sue. Lindheim v. Sitt, 33 Misc. Rep. 62, 68 N. Y. Supp. 145. Moreover, in view of the conclusion expressed by the Court of Appeals upon the question certified in Parmele Co. v. Haas, supra, compliance with this provision of the tax law need not be alleged in the papers to support a provisional remedy.

Upon the question of the sufficiency of the averments in support of the claim for damages, it appears from distinct allegations of fact that there was a contract, that it was broken, and that there was a difference between the agreed price and the market price, upon which difference the claim is based. The argument that the market price stated was not the controlling market price involves a question of fact to be litigated, but the prima facie statement is sufficient to support the attachment, within the rules laid down in Delafield v. Armsby Co., 58 App. Div. 432, 68 N. Y. Supp. 998; Id., 62 App. Div. 262, 71 N. Y. Supp. 14. This is not a case where the allegation of a market price is omitted, and the conclusion of damage only is expressed. There is a direct allegation that the lowest price at which the order could be filled was as stated, and the criticism of the affidavit appears to be suggested only by the fact that, when stating certain other causes of action, the plaintiff has given the facts more circumstantially than is really required.

The objection that the papers fail sufficiently to show the fact that the defendant is a foreign corporation involves a more minute dissection of possibilities than appears to be authorized for the purpose of invalidating an averment on positive knowledge. The affiant is an officer of the plaintiff's assignor, and was personally familiar with the transactions in suit between the plaintiff's assignor and the defendant; and he states that every averment of his affidavit, including the fact that the defendant was incorporated under the laws of Indiana, is something with which he has per-

sonal knowledge and is fully acquainted. If any person could know personally what the fact of incorporation was, there is no reason to doubt that this affiant makes his statement from knowledge, as he says, rather than upon information and belief. He may well have examined into the subject by personal inspection of the records in the course of his business dealings with the defendant. Certainly there is no basis for presuming that he did not.

Motion to vacate attachment denied, with $10 costs.