Charles A. Gardiner (Merrill W. Gallaway, of counsel), for appellant.

Adolph Block and William L. Mathot, for respondent.

SCOTT, P. J.  The defendant's motion to dismiss the complaint should have been granted.  The plaintiff, traveling in one of defendant's cars, wished to alight at Forty-Second street.  As the train approached that street, the conductor announced it, and plaintiff arose and went to the door, preparatory to alighting when the train should stop.  He put his hand on the jam of the doorway, and, as he says, "through the sudden stop of the train I bruised my hand when the door slammed."  This is the only evidence as to how the accident came to happen.  No reason is given why the plaintiff should have put his hand on the door jamb, and there is nothing in the case to show that there was any excessive or unusual jolt or jerk in the stopping of the train.  The car was equipped with a safety catch to hold the door, and the conductor testified that he had caught the door back before the train stopped.  The mere characterization of the stop as "sudden" is not sufficient to justify the couclusion that it was unusual, or anything more than is necessarily attendant upon stopping a train.  In our view there was no proof of negligence on defendant's part justifying the submission of the case to the jury.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs.  MacLEAN, J., taking no part.

---

(48 Misc. Rep. 624.)

AMERICAN TRADING CO. v. BEDOUIN STEAM NAV. CO., Limited.

(Supreme Court, Appellate Term.  November 24, 1905.)

1. CORPORATIONS—FOREIGN CORPORATIONS—ATTACHMENT.

To obtain a warrant of attachment against a foreign corporation, plaintiff must show, and not merely allege, that the corporation is a foreign one; and, while a positive allegation to this effect by one in a position to have personal knowledge is a sufficient showing, such an allegation by one not in a position to know is not.

2. SAME—SUFFICIENCY OF SHOWING—KNOWLEDGE OF AFFIANT.

An allegation, in an affidavit for an attachment against a foreign steamship corporation, that affiant is the manager of one of plaintiff's departments and had personal knowledge of the shipment out of which the claim grew was insufficient to show that affiant had personal knowledge of defendant's place of incorporation, so as to make his affidavit that it was a foreign corporation sufficient proof of that fact.

Appeal from City Court of New York.

Action by the American Trading Company against the Bedouin Steam Navigation Company, Limited.  From an order denying a motion to vacate a warrant of attachment, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Convers & Kirlin (John M. Woolsey and Orville C. Sanborn, of counsel), for appellant.

Stetson, Jennings & Russell (Walter Bruce Howe, of counsel), for respondent.

SCOTT, P. J. In order to obtain a warrant of attachment, it was necessary for plaintiff to show, not merely to allege, that defendant is a foreign corporation. Such fact may be said to be shown if it is positively alleged by some person who may be deemed to have personal knowledge upon the subject, so that his statement can be accepted as evidence of the fact. Ladenburg v. Com. Bk., 5 App. Div. 219, 39 N.Y. Supp. 119. It cannot be said to be so shown when the person making the allegation, although he may do so positively as of his own knowledge, is evidently and obviously not in a position to possess personal knowledge upon the subject. James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680.

The affiant swears that he is in the employ of plaintiff and is manager for its hemp department. This fact may lend some color to his averment that he has personal knowledge of the purchase of hemp in the Philippine Islands and its shipment from Manila, although that does not appear wholly probable; but it certainly lends no color to the statement that he has personal knowledge of the fact and place of incorporation of the owner of the steamship by which the hemp was conveyed from Manila to New York. It may be that he is quite right in saying that defendant owns the steamship, and it may even be that his belief on that subject is based on evidence which, if submitted to the court, would be held to prove the fact, at least prima facie; but he does not submit such evidence, and contents himself with saying that he has personal knowledge of a fact, which under the circumstances is so improbable that we are forced to conclude that he made the statement inadvertently and without precise appreciation of the effect of his statement. Yet there is no other evidence of the vital fact that defendant is a nonresident corporation.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.