(115 App. Div. 385)

### CAMPBELL et al. v. EMSLIE.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. ATTACHMENT — PROCEEDINGS TO PROCURE — AFFIDAVIT — SUFFICIENCY—NON-RESIDENCE OF DEFENDANT.

Code Civ. Proc. § 636, par. 2, relative to attachment provides that plaintiff must show by affidavit "that defendant is not a resident of the state. * * *" An affidavit alleged that defendant was a resident of the state of New Jersey and carried on his business there, and had no business in the state of New York; that deponent had been the attorney of plaintiff for a number of years and during the litigation in which the attachment was applied for had learned that defendant was a resident of the state of New Jersey. Held, that in the absence of any denial the affidavit sufficiently showed defendant's nonresidence.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 308, 252.]

2. SAME—AMOUNT DUE OVER COUNTERCLAIMS.

An affidavit for attachment was made by plaintiff's attorney, plaintiff being a nonresident of the state. The affidavit showed that the matters involved in the action had been in litigation for sometime, and through a number of courts, that in the litigation deponent had charge of the trial and knew the facts as to the contracts of the parties and the affidavit stated that a certain sum was due plaintiff over and above all counterclaims. Held, that in the absence of any contradictory affidavits the affidavit of the attorney sufficiently showed plaintiff was entitled to recover the sum in question over and above all counterclaims.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 291.]

Appeal from Special Term, New York County.

Action by John A. Campbell and others against James Emslie. From an order vacating an attachment on the papers on which it was granted plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Griggs, Baldwin & Pierce (Franklin Pierce, of counsel), for appellants.

William McArthur (J. Campbell Thompson, on the brief), for respondent.

CLARKE, J. It appears from the opinion of the learned court at Special Term that the ground for setting aside the warrant of attachment herein upon the papers upon which the same was granted, was, first, that it was not set forth in said papers as required by paragraph 2 of section 636 of the Code of Civil Procedure, that the defendant is

not a resident of the state. The moving affidavit alleges "that the defendant herein, James Emslie, is a resident of the state of New Jersey and carries on his business at Weehawken in said state of New Jersey, and has no business in the state of New York; that deponent has been the attorney of the Campbell, Reid & Western Sales Stable Company referred to in the complaint, and the attorney of the plaintiffs herein, during the year 1903, and ever since, and has had charge of the litigation referred to in the complaint, and knows that defendant herein is a resident of the state of New Jersey, having obtained said information in said litigation."

It should be borne in mind that no proof is presented tending in any way to establish the fact that the defendant is a resident of the state of New York. As said by Mr. Justice O'Brien in Stewart v. Lyman, 62 App. Div. 182, 70 N. Y. Supp. 936: "The defendant has not presented any counter affidavits in support of the motion to vacate the attachment and under such circumstances the plaintiff is entitled to the benefit of all legitimate inference from the facts shown."

We think that upon the question of nonresidence enough was shown to call for the exercise of the judgment of the justice granting the attachment, and that in the absence of any denial there is enough in these papers to sustain the reasonable inferences that the defendant is a nonresident of the state.

The second ground for dissolving the attachment was that the affidavit was not sufficient to establish the fact that the plaintiff was entitled to recover a sum stated over and above all counterclaims known to him.

The affidavit was made by the attorney for the plaintiffs, each of whom were nonresidents of this state and were residents of either the state of Illinois or the state of Missouri. It appears upon the papers upon which the motion was granted that the matters involved in this suit have been in litigation in the courts of this state in a case which after trial was appealed to the Appellate Division and to the Court of Appeals, and was also in litigation in the state of New Jersey, where, after trial, the case was taken to the Court of Errors of said state. It is further set forth that in the litigation in both states the deponent had charge of the trial of both actions for the plaintiffs, prepared the attachment papers in both actions, had in his possession the contracts of the parties, knows the facts set forth herein from his knowledge as attorney, and examined and cross-examined the witnesses; that he has in his possession the invoices and checks; and he states that said sum is actually due these plaintiffs over and above all counterclaims; and that deponent knows of his own knowledge that there are no counterclaims existing in favor of the defendant against the plaintiffs' said claim. He then sets up facts hereinbefore alluded to in detail, and alleges "that deponent knows that there are no counterclaims to the claim set forth in the complaint and the amount alleged to be due the plaintiffs herein, and that his knowledge is derived from his attorneyship and his possession of all the papers in both said actions described in the complaint; * * * that this deponent knows the facts in this case and knows the allegations of fact herein made to be true from the tes-

timony of the defendant taken in the two trials, and the complaint, which testimony is now in the possession of this deponent."

It seems to me that while it is true that a naked allegation by an attorney that the amount was due over and above all counterclaims would be insufficient to sustain the attachment, yet, in the absence of any contradictory affidavits, a statement by an attorney upon such information as is disclosed in these affidavits, growing out of two litigated cases involving the examination and cross-examination of the defendant, coupled with the possession of the bills, checks, pleadings and testimony in those cases, takes this case entirely out of any such rule. If not, I do not see that an attachment could be sustained in any case unless the affidavit was made personally by the plaintiff, and such is not the law. Steele v. Gilmore Manufacturing Company, 77 App. Div. 199, 78 N. Y. Supp. 1078.

It seems to us that the papers upon which the attachment was granted sufficiently complied with the law, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs. All concur.