the opinions in the actions between the same parties, argued and decided herewith (110 N. Y. Supp. 720, 722), relating to license fees for cars run over the Ninth and Sixth Avenue lines are applicable to the questions presented by this appeal.

In this case, however, the defendant pleaded and introduced in evidence a judgment between the mayor, aldermen and commonalty and the Eighth Avenue Railroad Company, recovered in the year 1886, as res adjudicata of the basis upon which the plaintiff is entitled to recover license fees. The judgment in that case was based upon a stipulation made upon the trial showing the greatest number of cars used by the defendant during the respective years in question there, and testimony that the uniform practice had been to pay license fees on that basis. A perusal of the record of that trial, offered in evidence upon the trial of this action, and of the opinions of the court at General Term and in the Court of Appeals, fails to show that the question as to the right of the plaintiff to recover for each and every car run and operated over the line was presented by the evidence for adjudication or was decided. Mayor, etc., v. Eighth Ave. Railroad Co., 43 Hun, 614, affirmed 118 N. Y. 389, 23 N. E. 550. It is not sufficient to render a judgment res adjudicata, or to have it operate as an estoppel between the parties and their privies, that a question might have been litigated in the action. It must appear that the question was litigated and decided. Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076; House v. Lockwood, 137 N. Y. 259, 33 N. E. 595; Stokes v. Stokes, 155 N. Y. 591, 50 N. E. 342; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823; Stokes v. Foote, 172 N. Y. 327, 65 N. E. 176.

It follows that the judgment should be affirmed, with costs. All concur.

---

(58 Misc. Rep. 317.)

## WILSON v. PURITAN S. S. CO., Limited.

(Supreme Court, Special Term, New York County.   March, 1908.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

An affidavit in attachment brought by the assignee of an assignee on a foreign judgment contained no averment connecting plaintiff with the transaction between the original parties to the judgment, which were foreign corporations, and there was nothing showing knowledge of the character of the defendant, and the statements as to the nonresidence of defendant, though made as from personal knowledge, were in effect on information, and did not show the source of the information or contain any proof of the facts averred. *Held*, that the affidavit was jurisdictionally defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Attachment, §§ 292–322.]

Action by Francis Willward Wilson against the Puritan Steamship Company, Limited. On motion to vacate attachment. Granted.

Wallace, Butler & Brown, for plaintiff.
Convers & Kerlin, for defendant.

LEVENTRITT, J.    Motion to vacate an attachment on the original papers. The affidavit on which the attachment was granted was made by the plaintiff, who is the assignee of an assignee. There is no averment connecting the plaintiff with the transaction between the original parties, both of which are English corporations, nor anything from which it can be implied that he had knowledge, or could have had knowledge, of the character of the defendant. The cause of action is apparently based on a foreign judgment. Without passing on the question whether this is sufficiently pleaded, the affidavit is defective, under the rule applied at least in this department, in that the ground of attachment, the nonresidence of the defendant, is insufficiently set out. The sole allegations on this point are:

"Deponent further says that the defendant is a nonresident of the state of New York, being a corporation created, organized, and existing under and by virtue of the laws of the United Kingdom of Great Britain and Ireland, as above set forth."

All that has been previously set forth, in addition to the statement quoted, is that the defendant has an office at a specified place in the city of Liverpool. Although these allegations are in form made as if on positive knowledge, it is clear from the whole affidavit that the affiant makes them as a stranger to the transaction between the original parties. It is in effect a mere averment on information, without disclosure of the sources, and without proof of the facts as averred. The Appellate Division in this department has repeatedly declared such an affidavit jurisdictionally defective. Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460; James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680. Neither Box Board & Lining Co. v. Vincennes Co., 45 Misc. Rep. 1, 90 N. Y. Supp. 836, affirmed 98 App. Div. 623, 90 N. Y. Supp. 1089, nor Randolph v. Susquehanna W. P. & P. Co., 12 App. Div. 479, 42 N. Y. Supp. 411, have changed the local rule. In the Box Board Case the court sustained the affidavit because the "affiant is an officer of the plaintiff's assignor and was personally familiar with the transactions in suit"; and in the Randolph Case the transaction in question, sworn to by the original creditor, took place in the foreign state, and the indebtedness to the affiant by the defendant corporation was there established. In that case the court say:

"However stringent may be the rule that an affidavit made upon positive knowledge will not be sufficient to warrant the granting of an attachment, unless the affiant not only swears of his knowledge, but shows that he must have known the fact as to which he avers, yet the facts shown in the plaintiff's affidavits are sufficient to raise a presumption that the matter was, or might have been, within his personal knowledge."

There is not a fact averred in the papers before me to permit the inference that the assignee of the assignee of the original judgment knew or could have known the character of the defendant as a foreign corporation.

Motion granted, with $10 costs.