N. DAIN'S SONS CO. v. THOMAS McNALLY CO.

(Supreme Court, Appellate Division, Second Department.    April 29, 1910.)

ATTACHMENT (§ 100*)—PROCEEDINGS—KNOWLEDGE OR INFORMATION—SOURCES OF BELIEF—STATUS OF DEFENDANT.

    Under Code Civ. Proc. § 635, permitting a warrant of attachment in an action to recover a sum of money as damages for breach of contract, and section 636, requiring plaintiff to show, to entitle him to such warrant, that defendant is either a foreign corporation, or a nonresident, an affidavit for attachment averring that defendant is a foreign corporation, without giving the source of affiant's knowledge, or facts indicating that the averment is upon personal knowledge, is insufficient.

    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 255–257; Dec. Dig. § 100.*]

Appeal from Special Term, Westchester County.

Action by the N. Dain's Sons Company against the Thomas McNally Company. From an order of the Special Term (65 Misc. Rep. 161, 119 N. Y. Supp. 625) vacating a warrant of attachment, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and CARR, JJ.

Nathan P. Bushnell, for appellant.

Franklin Couch, for respondent.

HIRSCHBERG, P. J.   The order appealed from was granted by the same justice by whom the warrant of attachment was issued.   The attachment was issued against the property of the defendant on the ground that said defendant is a foreign corporation.   It was issued on the affidavit of Frank M. Dain, the secretary and treasurer of the plaintiff corporation, who alleges in the affidavit that the defendant "is a foreign corporation created by and under the laws of the state of Pennsylvania, and doing business within said state, with its principal office for the transaction of business at Pittsburg in the said state of Pennsylvania."   In a brief opinion, the learned justice states that under a long line of authorities the positive allegation that the defendant is a foreign corporation, without giving the sources of the affiant's knowledge or stating facts indicating that the averment is made upon personal knowledge, is insufficient to confer jurisdiction.

The authorities are practically uniform and fully justify the conclusion reached by the learned justice at Special Term.   The provisions of the Code of Civil Procedure, under which the warrant of attachment was issued in this instance, are contained in sections 635 and 636, and are to the effect that the remedy may be granted where the action is brought to recover a sum of money only as damages for a breach of contract and the defendant is either a foreign corporation or not a resident of the state.   The action herein is brought to recover for goods sold and delivered in this state, and there is nothing in the papers indicating any personal knowledge on the part of Mr. Dain, the affiant, as to the foreign incorporation of the defendant, or reasons why such knowledge should be possessed by him.

In Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, the authorities on the question under consideration are examined and collated, and it was held that the mere averment of facts as upon personal knowledge in an affidavit made to procure an attachment is not sufficient unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers.   In that case the affidavit was made by the plaintiff, who was the assignee of the claim in suit, and it alleged positively that the defendant was a corporation in the state of Illinois, having its principal place of business in Chicago.   No statement was made, however, in the affidavit, that the plaintiff had personal knowledge of the fact, nor were any circumstances stated tending to show that he had such knowledge.   The court stated (page 581 of 9 App. Div., page 711 of 41 N. Y. Supp.):

"It has frequently been held in this state, and especially by the Supreme Court in the First Department, that knowledge will not be presumed from a mere positive averment of the facts, but it must also appear from the affidavit that such knowledge really existed, by a statement of circumstances from which the inference of knowledge can be fairly drawn."

The rule laid down in the case cited was reaffirmed in Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460; Lehmaier v. Buchner, 14 App. Div. 263, 43 N. Y. Supp. 438; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692; and Martin v. Aluminum Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010.

In James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680, an order was reversed which denied the defendant's motion to vacate a warrant of attachment. In that case the attachment was based upon the alleged nonresidence of the defendant, and it was held that a positive averment of such nonresidence, made by the plaintiff on his personal knowledge, is not sufficient where no facts or circumstances are stated from which the court can see or infer that the plaintiff has any knowledge of the subject. In Mohlman Co. v. Landwehr, 87 App. Div. 83, 83 N. Y. Supp. 1073, this court reversed an order denying a motion to vacate a warrant of attachment where the statutory requirements were stated positively in the affidavit, but the situation of the parties was not such as to create a presumption of knowledge, and no sources of information were disclosed.

In Murphy v. Jack et al., 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590, the rule of law applicable to this case is 'laid down in accordance with the authorities already cited, and it was held that while it is not necessary to the validity of an attachment that the affiant, upon whose affidavit the writ is applied for, should have personal knowledge of the facts required to be stated, and the same may be stated on information and belief, it is essential that his information should appear to have been competently derived. It was further held that the sources of the information must be disclosed in such a way as to enable the court to decide upon the probable truth of the statements and the authenticity of the jurisdictional facts.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.