(70 Misc. Rep. 495.)

GEDULD et al. v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Term.   January 13, 1911.)

1. GARNISHMENT (§ 97*)—PROCESS—VALIDITY.

If there be a total defect of evidence as to any essential fact on which garnishment process depends, the process will be declared void in whatever form the question may arise; but if the proof tends to make out a proper case for issuance, the process is valid until set aside in a direct proceeding, though the proof be slight and inconclusive.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 97.*]

2. EVIDENCE (§ 80*)—PRESUMPTIONS—LAWS OF OTHER STATES.

In the absence of a contrary showing, the laws of another state are presumed to be the same as those of the forum.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80.*]

3. ATTACHMENT (§ 97*)—NONRESIDENCE OF DEFENDANT—SUFFICIENCY OF PROOF.

An allegation of defendant's nonresidence, made by a principal in the transaction and not by his assignee, is presumed to be made on knowledge, and is sufficient to sustain an attachment, especially where there are no denying affidavits.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 245–250; Dec. Dig. § 97.*]

4. GARNISHMENT (§ 88*)—NONRESIDENCE OF DEFENDANTS—SUFFICIENCY OF PROOF.

An allegation in a garnishment affidavit that defendants were not residents of the state, and that their place of residence was in a specified city in another state, sufficiently shows nonresidence, so as to sustain issuance of process.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160–163; Dec. Dig. § 88.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Geduld and another against the Baltimore & Ohio Railroad Company.   Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

See, also, 55 Misc. Rep. 239, 105 N. Y. Supp. 110.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Cravath, Henderson & De Gersdorff (Arthur W. Clement, of counsel), for appellant.

Herman B. Goodstein, for respondents.

BIJUR, J.   This action is brought to recover of the defendant $85, the value of certain merchandise received from the plaintiffs and consigned to one Louis Schitnitz in Chicago.   The defense is that the proceeds collected from the consignee in Chicago by the defendant were paid over under order of the Chicago court to the plaintiff, the consignor, in certain garnishee proceedings brought against this defendant in the state of Illinois.

On the first trial of this action, defendant offered in evidence a transcript of the judgment in the garnishee proceedings as a defense.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This being found, on appeal to this court (55 Misc. Rep. 239, 105 N. Y. Supp. 110), insufficient to show that the Chicago court had jurisdiction, defendant, on the new trial, offered in evidence a transcript of the whole proceedings in Chicago, which included the affidavit on which the attachment was issued. It is agreed by counsel for both parties that the only question involved is whether the municipal court of Chicago, a court of limited statutory jurisdiction, had jurisdiction to issue process, and, furthermore, that such jurisdiction depends upon proof before the justice of that court of the nonresidence in Illinois of the plaintiffs in the present action.

The only proof of that fact submitted to the justice was a recital in the affidavit that the parties "are not residents in this state, and the place of residence of the said C. Geduld and L. Geduld is at the city of New York, state of New York: that, upon diligent inquiry, affiant has not been able to ascertain the place or residence of the said......" As was said in Staples v. Fairchild, 3 N. Y. 41:

"If there be a *total defect* of evidence as to any essential fact, the process will be declared void in whatever form the question may arise;' but, when the proof has a legal tendency to make out a proper case in all its parts for issuing the process, then, *although the proof may be slight and inconclusive*, the process will be valid until it is set aside by a direct proceeding for that purpose."

Does, then, this allegation contain sufficient proof to have given the Chicago court jurisdiction? In the absence of proof of the law of Illinois on this point, we must decide this question according to the law of New York, under the familiar rule of presumption in such cases. An allegation of nonresidence, when made by a principal in the transaction, as here, and not by his assignee, is presumed to be made on knowledge, and is sufficient proof, though standing alone, of the fact to sustain an attachment. Hayden v. Mullins, 76 App. Div. 69, 78 N. Y. Supp. 553; Anthony & Co. v. Fox, 53 App. Div. 200, 65 N. Y. Supp. 806; Foster v. Rogers, 31 Misc. Rep. 14, 64 N. Y. Supp. 652; Cole v. Smith, 84 App. Div. 500, 82 N. Y. Supp. 982; Am. Trading Co. v. Bedouin Steam Nav. Co., 48 Misc. Rep. 624, 96 N. Y. Supp. 271. This is especially true where there are no denying affidavits. Mersereau v. L. V. Hirsch Co., 103 N. Y. Supp. 577; Campbell v. Emslie, 115 App. Div. 385, 100 N. Y. Supp. 783.

If the allegations were made by an assignee, or were made upon information and belief, the bare allegation of residence might not be sufficient proof of the fact to give the court jurisdiction. Anthony & Co. v. Fox, supra; Cousins v. Schlichter, 135 App. Div. 779, 119 N. Y. Supp. 899. But such is not the case here. The allegation in the affidavit in the case at bar being, therefore, some proof, and having a legal tendency to make out a proper case for the issuing of process, the court had jurisdiction. Staples v. Fairchild, supra.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs. SEABURY, J., dissents.