### PETTIT v. UNITED STATES MOTOR CO.

(Supreme Court, Special Term, New York County. June 17, 1912.)

ATTACHMENT (§ 100*)—GROUNDS—PROOF.

Where plaintiff claimed as assignee of the cause of action sued on, and made the sole affidavit in support of an attachment, in which he averred as of his own knowledge the contract between his assignor and the defendant, and alleged breach thereof by the defendant, and that defendant was a foreign corporation, but no circumstances were stated from which the inference could fairly be drawn that plaintiff knew anything of the original transaction, or that defendant was a foreign corporation, the affidavit would be treated as based on information and belief, and, having failed to state the source of plaintiff's information and the grounds of his belief, was insufficient to constitute proof of the facts required to sustain the attachment by Code Civ. Proc. § 636.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 255–257; Dec. Dig. § 100.*]

Action by Carl J. Pettit against the United States Motor Company. On motion to vacate writ of attachment. Granted.

Leventritt, Cook & Nathan, of New York City (Alfred A. Cook, of New York City, of counsel), for the motion.
Winter & Winter, of New York City, opposed.

GIEGERICH, J. The plaintiff, who makes the sole affidavit in support of the warrant of attachment, is an assignee of the cause of action sued on. Although the plaintiff, both in his complaint and affidavit, makes positive averments upon his knowledge of an alleged contract between the plaintiff's assignor and the defendant, and an alleged breach thereof by the defendant, and that the defendant is a foreign corporation, no facts or circumstances are stated from which the inference can fairly be drawn that he knows anything of the transactions between the original parties, or that he knows that the defendant is a foreign corporation. The papers fail to show that he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was an actor in the original transaction, and no relationship to the assignor as an officer, employé, or otherwise has been shown which would warrant me in treating his positive declaration of facts as the proof required by affidavit under section 636 of the Code of Civil Procedure. His allegations must therefore be treated as averments on information and belief, and, as he has not shown the sources of his information and the grounds of his belief, his mere statement that they are within his personal knowledge is unavailing, and furnishes no proof of the facts averred. Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460; Lehmaier v. Buchner, 14 App. Div. 263, 43 N. Y. Supp. 438; James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680; Mohlman Co. v. Landwehr, 87 App. Div. 83, 83 N. Y. Supp. 1073; Dain's Sons Co. v. McNally Co., 137 App. Div. 857, 122 N. Y. Supp. 964; Calmon Asbestos & Rubber Works v. Asbest-und-Gummiwerke, 141 App. Div. 198, 126 N. Y. Supp. 120; Wilson v. Puritan S. S. Co., Lim., 58 Misc. Rep. 317, 110 N. Y. Supp. 914. The rule laid down by these cases and kindred ones is well stated by the court in Tucker v. Goodsell, supra, at page 91 of 14 App. Div., page 462 of 43 N. Y. Supp.:

"The court has repeatedly held that, to entitle a plaintiff to this severe and summary remedy, he must show the proper facts by affidavit; that is, he must furnish satisfactory proof of such facts. Where the affiant, owing to his relation to the parties and to the cause of action, plainly speaks as an actor in the transaction, the court frequently treats his verified averments of facts, which may naturally have come within his actual observation or personal action, as satisfactory proof thereof, as in Ladenburg v. Com. Bank, 5 App. Div. 220, 39 N. Y. Supp. 119. Where, however, he does not speak as such a direct actor, where in fact he speaks apparently as a stranger to the transaction, it matters not how positively he so speaks, how firmly he asserts his personal knowledge of the facts averred, he must still furnish the evidence of such facts. Under such circumstances his verified allegation 'shows' nothing 'by affidavit.' He simply pleads the facts. He pleads them positively, it is true, and upon personal knowledge. But he does not prove them. And a person standing as he does in relation to the cause of action must prove them."

In the recent case of Calmon Asbestos & Rubber Works v. Asbest-und-Gummiwerke, supra, the court, at 141 App. Div. 199, 126 N. Y. Supp. 121, said:

"Section 636 of the Code of Civil Procedure provides that 'to entitle the plaintiff to such a warrant he must show by affidavit to the satisfaction of the judge granting the same as follows: (1) That one of the causes of action specified in the last section exists against the defendant.' The statute requires proof by affidavit of the evidentiary facts from which the judge may conclude that one of the causes of action specified exists. Mere conclusions of fact, appropriate to a pleading, do not suffice. Ingalls Stone Co. v. Nunn, 136 App. Div. 142 [120 N. Y. Supp. 168], and cases cited."

The court in the same case, commenting upon a certain allegation contained in the papers upon which a warrant of attachment was granted, said (141 App. Div. 200, 201, 126 N. Y. Supp. 122):

"While that averment is made on knowledge, it must be treated as an averment on information and belief, as it is obvious that the plaintiff did not have actual knowledge of the facts. In such case it is necessary to state

the surrounding circumstances, the sources and grounds of the affiant's belief, with sufficient definiteness to enable the court to determine with reasonable certainty that the facts are as claimed."

Taking the foregoing rule as a guide, it is manifest that the papers upon which the warrant of attachment was granted were wholly insufficient.

Motion to vacate granted, with $10 costs. Order signed.