OTTLEY v. JACKSON MEMORIAL AFRICAN METHODIST EPISCOPAL ZION CHURCH.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

1. VENUE (§ 68*)—CHANGES—AFFIDAVITS IN OPPOSITION.
   Where defendant moved for a change of venue for convenience of witnesses, and plaintiff filed a counter affidavit, setting up that there were many material witnesses in the county in which the venue was laid, the affidavit must show that plaintiff had actual knowledge of, what the witnesses in question would testify to, and set forth the facts on which such knowledge was based.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 121; Dec. Dig. § 68.*]

2. VENUE (§ 68*)—CHANGES—AFFIDAVITS.
   Plaintiff's counter affidavit on a motion for a change of venue for convenience of witnesses, setting up that material witnesses resided in the county in which the venue was laid, must show that plaintiff has been advised by counsel that the facts he expected to prove by such witnesses were material, or it will not countervail allegations of the moving party.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 121; Dec. Dig. § 68.*]

Appeal from Special Term, Westchester County.

Action by Richard H. Ottley against the Jackson Memorial African Methodist Episcopal Zion Church. From an order denying its motion for change of venue, defendant appeals. Order reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

Henry L. Maxson, of Brooklyn, for appellant.
Clinton F. Ferris, of Peekskill, for respondent.

RICH, J. The action is to recover upon two promissory notes purporting to be executed by defendant's trustees at Hempstead, Nassau county, the place where they were payable and where the defendant church is located. The motive for the change of venue was for the convenience of witnesses and upon the ground that the ends of justice would be promoted by the change. The answer is a general denial of

the execution and delivery of the notes, fraud, payment, and that the notes are the individual obligations of the signers. The moving papers show that 15 persons reside in Nassau county who are claimed to be material and necessary witnesses for the defendant.

[1] The answering affidavit denies the materiality of 6 of these 15 witnesses, and alleges that after the maturity of the notes the question of the indebtedness was discussed in the presence of several witnesses residing in Westchester and adjoining counties, and that the trustees of defendant admitted the correctness of plaintiff's claims. This affidavit is made by the plaintiff, and he does not show that he has had any conversations with either of the persons he names as material witnesses, or that he has any personal knowledge as to what they will testify upon the trial. Personal knowledge of the affiant will not be presumed from a mere positive averment of the facts; but it must also appear from the affidavit that such knowledge really existed by a statement of facts from which the inference of knowledge can be fairly inferred. Dain's Sons Co. v. McNally Co., 137 App. Div. 857, 122 N. Y. Supp. 964.

[2] It is not shown and does not appear that plaintiff has stated the facts he expects to prove to his counsel, or that after such statement he has been advised that the witnesses named are material and necessary for the prosecution of his action. It is a rule that the absence of such a statement constitutes a fatal defect, and cannot countervail allegations of the moving party. Rieger v. Pulaski Glove Co., 114 App. Div. 174, 99 N. Y. Supp. 558; Fish v. Fish, 61 App. Div. 572, 70 N. Y. Supp. 900; Bennett v. Weed, 38 Misc. Rep. 291, 77 N. Y. Supp. 864.

It follows that, because of these defects, as well as upon the merits, the order must be reversed, with $10 costs and disbursements, and the defendant's motion to change the place of trial from the county of Westchester to the county of Nassau granted, with $10 costs. All concur.