### MILLER v. JONES et al.

(Supreme Court, Appellate Term, First Department. April 15, 1915.)

1. ATTACHMENT ☞97—AFFIDAVITS—ALLEGATIONS AS TO NONRESIDENCE.

　　Where an affidavit for an attachment in an action for goods sold and delivered was made by the seller, and not by an assignee, an allegation therein that defendants were not residents of the city, but resided in Louisville, Ky., was presumed to be made upon knowledge, and was sufficient proof of defendants' nonresidence, standing alone, to sustain an attachment.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 245–250; Dec. Dig. ☞97.]

2. ATTACHMENT ☞102—AFFIDAVITS—SUFFICIENCY.

　　In an action for goods sold and delivered, an affidavit for an attachment, referring to the annexed complaint, and alleging that plaintiff was entitled to recover a specified sum over and above all counterclaims known to him, that the defendants were not residents of the city, but resided in Louisville, Ky., and that the goods were delivered to defendants in Louisville, where they had their distillery and principal office for the transaction of business, was sufficient to sustain an attachment.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 263–272; Dec. Dig. ☞102.]

Appeal from City Court of New York, Special Term.

Action by Edward S. Miller against Saunders P. Jones and others. From an order vacating a warrant of attachment, upon a motion based on the insufficiency of the papers on which it was obtained, plaintiff appeals. Reversed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

A. Frank Cowen, of New York City (Bernard Cowen, of New York City, of counsel), for appellant.

Sykes, McCole & Potter, of New York City (Thomas A. McCole and Edward Potter, both of New York City, of counsel), for respondents.

BIJUR, J. The attachment was obtained on an affidavit relying on a cause of action set forth in the complaint referred to in the affidavit as "hereto annexed." It further alleged that plaintiff was entitled to recover the sum of money over and above all counterclaims known to the plaintiff, and that the defendants are not residents of the city of New York, but reside in Louisville, Ky., and that the goods for the price of which the action was brought were delivered to defendants in Louisville, Ky., and where they have their distillery and principal office for the the transaction of business. The complaint annexed is in the ordinary form of a complaint in an action for goods sold and delivered.

[1] Although defendants make a number of objections to the complaint and affidavit, the learned judge below apparently found no merit in any except one, namely, that the allegation of nonresidence was insufficient. This is to be inferred from the citation of two authorities at the foot of the order, namely, Dain's Sons Co. v. Thomas McNally Co., 137 App. Div. 857, 122 N. Y. Supp. 964; also Pettit v. United States Motor Co., 77 Misc. Rep. 277, 136 N. Y. Supp. 260. This court has, however, had occasion to point out in Geduld v. B. & O. Co., 70 Misc. Rep. 495, 127 N. Y. Supp. 317, that an allegation of nonresidence made by a principal in the transaction, and not by his assignee, is presumed to be made upon knowledge, and is sufficient proof, though standing alone, of the fact to sustain an attachment.

[2] As to the lack of merit in the other points urged by the defendant, we agree with the learned trial judge.

Order reversed, with $10 costs and disbursements. All concur.