CENTRAL TRUST COMPANY OF NEW YORK, as Trustee, Plaintiff, v. MAN-
HATTAN TRUST COMPANY, Defendant, Impleaded, etc.

*Appeal — reargument — when ordered by court.*

Application to resettle an order or for reargument.

PER CURIAM: When the court announced its decision upon this appeal
directing judgment to be entered for the plaintiff for the sum of $200,000,
we overlooked the finding of fact that the plaintiff had suffered only
nominal damages, and, understanding from the record that the facts were
undisputed from which this court found that the plaintiff had suffered
damages for that amount, we thought that we could direct the proper
judgment to be entered and thus save the parties the expense of another
trial. In view, however, of the position taken by the defendant in its
brief before the Court of Appeals and the recent decision of that court in
*Elliott* v. *Guardian Trust Co.* (204 N. Y. 212) it would quite plainly appear
that this court was in error in directing judgment for the plaintiff rather
than directing a new trial. This court cannot make a finding as to the dam-
ages, even though the facts are undisputed from which the conclusion of
fact that damages were sustained would flow. As, however, the defend-
ant objects to our amending this order without ordering a reargument
and as it has not been heard upon the question, the court will, of its own
motion, order a reargument of this appeal. Order to be settled on notice.
Present — Ingraham, P. J., Clarke, Scott, Miller and Dowling, JJ.
Reargument ordered.

LUCIANO RESTREPO and DU RELLE GAGE, Respondents, v. ALFONSO
JARAMILLO and Others, Copartners, Doing Business as A. JARAMILLO
R. & Co., Appellants.

*Attachment — moving affidavits.*

Appeal from an order, entered in the New York county clerk's office on
the 27th day of February, 1912, denying a motion to vacate an attachment.

SCOTT, J.: The papers upon which the attachment was granted and on
which the motion to vacate is based are fatally defective. The action is for
unliquidated damages and there is nothing in the papers upon which the
court can determine what damages, if any, the plaintiffs are entitled to
recover. (*James* v. *Signell*, 60 App. Div. 75; *Haskell* v. *Osborn*, 33 id. 128.)
It follows that the order appealed from must be reversed, with ten dollars
costs and disbursements, and the motion granted, with ten dollars costs.
Ingraham, P. J., Laughlin, Clarke and Miller, JJ., concurred. Order
reversed, with ten dollars costs and disbursements, and motion granted,
with ten dollars costs.